STATE, TO THE USE OF CRAWL vs. FURGUSON, ET AL.

1. The Statute of 1835, which prescribes the limitation to actions upon a constable's bond, does not begin to run until the expiration of the term for which the constable was elected, and is not affected by the resignation of the constable.

2. The plea of *non est factum*, to an action of debt on such a bond, puts in issue only the execution of the bond.

APPEAL from Camden Circuit Court.

G. W. MILLER, for the Appellant.

PHELPS, for the Appellees.

#### POINTS AND AUTHORITIES.

1. The appellees insist that as the bill of exceptions shows there was other evidence given on the trial besides that incorporated in the bill of exceptions, the judgment will not be reversed.

2. That the appellant was not entitled to recover upon the evidence preserved in the bill of exceptions.

State to the use of Crawl vs. Ferguson, et al.

3. That this court will not reverse a judgment because an erroneous instruction was given, unless the party shows by his bill of exceptions, that he is entitled to recover. Newman vs. Lawless, 6 Mo. Rep. 279; Finney et al vs. Allen, 7 Mo. Rep. 416; Vaulx vs. Campbell, ex'r. 8 Mo. R. 224; Cawthorn vs. Muldrow, Ib. 617.

McBRIDE, J., delivered the opinion of the court.

This was an action of debt brought by the plaintiff, against the defendants, on a constable's bond, to the March Term, 1844, of Camden circuit court. The defendants filed a plea of *non est factum*, and gave notice of special matter. Issue was joined on the plea, and at the March term, 1845, the parties went to trial.

The bill of exceptions shows that on the trial, the plaintiff read in evidence the bond of the constable, dated the 19th Aug. 1840. The defendant then introduced evidence conducing to prove, that more than two years prior to the commencement of this action, he had resigned his office of constable, to the introduction of which, the plaintiff objected, but his objection being overruled by the court, the evidence was given to the jury, thereupon the plaintiff excepted to the decision of the court, in overruling his objection and permitting the evidence to go to the jury. The plaintiff then asked the court to instruct the jury, "that if the jury believe from the evidence, that said suit was commenced within four years from and after the time, said Ferguson was elected a constable of Harmony township, in Pulaski county, the said suit is not barred by limitation of law." Which the court refused to give, and the plaintiff excepted. A verdict having been rendered for the defendant, the plaintiff filed his motion for a new trial, assigning the foregoing, with other reasons, for a new trial, but the court overruled the motion for a new trial, whereupon the plaintiff excepted, and brings his case here by appeal.

The questions raised by the record are: 1. Did the court err in permitting the evidence offered by the defendant, and excepted to by the plaintiff, to go to the jury? 2. Did the court err in refusing to give the instruction asked by the plaintiff?

If the instruction asked by the plaintiff should have been given to the jury, then the evidence offered by the defendant, or any other evidence conducing to show when the defendant resigned his office of constable, for the purpose for which it was given, was irrelevant and immaterial to the issue, and should have been excluded by the court.

State, to the use of Crawl vs. Ferguson, et al.

The first section of an act entitled, "an act concerning constables, R. C. 116, prescribes the time and manner of electing constables, "who shall hold his office for two years and until his successor be elected and qualified." The second section relates to the bond to be given by the constable; the third section provides for filling vacancies in the office; the fourth section is in these words: "The constable's bond shall be filed with the clerk of the county, and may be sued upon at the instance of any one injured by its breach, (a certified copy of the bond shall be evidence in any suit; if a verdict be given for the defendant, or the suit be discontinued, the person at whose instance the suit was brought, shall pay all costs.) *No suit shall be instituted on such bond after two years from the expiration* of the time for which the constable was appointed." This latter clause of the fourth section is so plain and intelligible, as to leave no room for construction. Ferguson was elected constable at the general election in 1840, to hold his office for two years, and until his successor be elected and qualified; hence the statute of limitations did not commence running, until after the general election of constables in August, 1842, and his having resigned his office before its legal termination, does not change the law. Although the instruction asked, does not fix the termination of the office as the period when the statute commences running, yet it amounts substantially to the same thing—there being no difference in time between four years from a given period, and two years after the termination of two years from the same period. We think therefore the instruction should have been given.

Several other points have been presented, but as they do not arise on the record, we have not considered them. It is also urged that the bill of exceptions does not contain all the evidence, or if it does, the plaintiff does not show thereby his right to recover. As a general rule, all the evidence given in the case, on the trial below, should be embraced in the bill of exceptions, and a failure to do so, will raise a presumption in favor of the correctness of the action of the circuit court. In this case enough is apparent in the bill of exceptions to show that the circuit court committed an error in permitting irrelevant evidence to go to the jury, as also in refusing to give the plaintiff's instruction to the jury. The decision of the law, as embraced in the instruction refused by the court, may have precluded entirely the plaintiff's right to recover on the merits, under any possible state of the evidence. But we are inclined to the opinion that under the plea of *non est factum*, which was the only plea in the case, and which only put in issue the execution of the bond, the giving the bond in evidence, without any

evidence having been offered to impeach it, showed a right in the plaintiff to recover, as all the other matters in the declaration not answered, were admitted.

The other members of the court concurring herein, the judgment of the circuit court is reversed and the cause remanded.