*McWaters & Salmon vs. State of Missouri.*

ERROR to the Chariton Circuit Court.

HARVARD LAW SCHOOL LIBRARY

---

HUGH McWATERS & JOHN SALMON vs. THE STATE OF MISSOURI.

1. A prosecutor is necessary on all indictments for a riot, charging a trespass against the person or property of another.

2. It is not necessary to charge that the defendants assembled "unlawfully," or "unlawfully" did the act set out in the indictment. It is only necessary to shew an "unlawful act" done.

3. An objection to an indictment may be raised in the Supreme Court, although not made in the Circuit Court.

APPEAL from St. Charles Circuit Court.

CAMPBELL, *for Appellants, relies on the following*

POINTS :

1st. No prosecutor is endorsed on the indictment.

2nd. In an indictment for riot, under the 6th section of the 7th article of the act respecting crimes and punishments, it is necessary to charge in the indictment that the acts *done* or *intended* were *done* or *intended* unlawfully.

STRINGFELLOW, *for the State.*

McBRIDE, J., *delivered the opinion of the Court.*

The defendants were indicted with one John Dyer in the St. Charles Circuit Court for a riot—and on trial were found guilty on the third count in the indictment, and not guilty on the remaining counts. They moved in arrest, and for a new trial, assigning all the usual reasons, and, on their motion being overruled by the Circuit Court, they appealed to this Court.

The third count of the indictment reads as follows :—" And the jurors aforesaid, upon their oath aforesaid, further present, that the said John Dyer, Hugh McWaters and John Salmon, on the day and year aforesaid, and in the said County of St. Charles, did assemble together with the intent to bruise, beat, wound and ill-treat, forcibly and violently, one Alexander Balridge, and in pursuance of such purpose, they, the said Dyer, McWaters and Salmon, did forcibly and violently beat, bruise, wound and ill-treat the said Alexander Balridge, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

This indictment is drawn upon the 6th section of of the 7th article of an act entitled " An act concerning crimes and punishments," Rev. Code, 202, which provides, that if three or more persons shall assemble together, with the intent, or being assembled, shall agree mutually to assist one another to do an unlawful act, with force and violence, against the person or property of another, or against the peace, or to the terror of the people, and shall accomplish the purpose intended, or do any unlawful act in furtherance of such purpose in a violent or turbulent manner, every person," &c.

It has heretofore been decided by this Court, and so we understand

the law to be, that an indictment framed upon a statute, must state all the circumstances which constitute the definition of the offence, in the act, so as to bring the defendant precisely within it, and must with certainty and precision charge him with having committed or omitted the acts constituting the offence, under the circumstances, and with the intent mentioned in the statute. 9 Mo. Rep. 287.

Under the foregoing rule, it is contended by the counsel for the defendants, that the indictment is defective, because it does not charge that the defendants assembled to do any *unlawful act,* or that they did any *unlawful act;* nor does the indictment charge, that the beating, &c., was *unlawful.*

The question then arises, is the word *unlawful,* as used in the statute, a part of the definition of the offence therein specified? This question was presented to this Court in the case of the State vs. Bray, (1 Mo. Rep. 180,) who was indicted for an assault and battery, and the indictment omitted the word *unlawfully.* The defendant moved in arrest, and his motion being sustained, the State brought the case to this Court by writ of error. The statute under which the defendant was indicted, provided, "that if any person shall *unlawfully* assault or threaten another, or shall strike or wound another," &c. And the Court held that it was not necessary that the word *unlawfully* should be used. They say, "the authority referred to (2 Haw. P. 347,) is express that the word unlawfully is not used in any one of *Coke's* or *Bastel's* precedents of indictments, nor could the author find any clear or express authority that it is, in any case, necessary in an indictment at common law; but he found it expressly adjudged, that it is not necessary in an indictment for a riot, because the act itself, contained in the indictment, so plainly appears to be unlawful," &c.

But it is obvious, from a careful perusal of the statute, that the word unlawful, as there used, never was intended to enter into the definition of the offence. If the statute declared the offence to consist in unlawfully beating, bruising, &c., then the word would enter into the definition of the offence, and become necessary in the indictment. But it is not so used—the operative words in the statute, are, *with force and violence,* and an act, however unlawful, which is not accompanied *with force and violence,* does not come within the prohibition of the statute.

It is assigned for error, that the name of a prosecutor was not endorsed on the indictment. If this omission had been brought to the attention of the Court below, much delay and costs might have been saved; and in noticing it now, for the first time, we are governed only by the practice

which has heretofore prevailed in similar cases in this Court. In the case of State vs. McCourtney and others, it was held necessary for the name of a prosecutor to be endorsed on an indictment for a riot, before the bill is returned—otherwise, the indictment is bad. Under that decision, the judgment of the Circuit Court is reversed.