34   104
40a  369

WEST RICHARDSON, Respondent, *v.* JAMES GEORGE *et al.*, Appellants.

*Practice—Issue.*—The party alleging a fact is required to prove it.

*Judgment—Mechanic's Lien.*—A general judgment against the owners of the building upon which a lien is filed for a debt of the contractor is erroneous. (See note.)

*Appeal from St. Louis Land Court.*

This was a suit to enforce a mechanic's lien for balance due under a contract between plaintiff and James George, one of the defendants, to build certain houses upon the property of John G. Priest and Ringrose J. Watson. At the time of the institution of the suit, Watson had been declared insane, and Johnston had been appointed his guardian. The writ was served upon George, Priest, Watson, and Johnston. George answered; and the petition was taken as confessed against Priest, Watson, and Johnston. The jury found for the plaintiff, and the court entered judgment against the *defendants* for the damages assessed by the jury, and that the judgment should be levied of the goods of the defendants, and in default thereof of the property charged with the lien. Defendants filed their motion for new trial. They also moved in arrest of judgment, because judgment was irregularly taken as to Priest, Watson, and Johnston, because Johnston was no party to the record, and because the judgment was irregular. The motions were overruled.

Defendants filed a motion for rehearing, which was overruled.

*A. J. P. Garesché,* for appellants.

I. Judgment could not be rendered against Priest, Watson, or Johnston. (Wibbing v. Powers, 25 Mo. 600; Ashdown v. Ayres, 28 Mo. 77; Quimby v. Dean, 2 E. D. Smith, N. Y., 606.)

II. Reversed as to one, it must be reversed as to all. (Rush v. Rush, 19 Mo. 442; Quimby v. Dean, 2 E. D. Smith, N. Y., 615; Smith's Adm'r v. Rollins, 25 Mo. 411; Pomeroy et al. v. Betts et al., 31 Mo. 422.)

III. There was a variance between the proof and the declaration, plaintiff relying upon an implied promise, and a specific contract being proven. (Waldstein v. Bredell, 17 Mo. 352; Leuts v. Vaughan, 17 Mo. 352; Duncan v. Fisher, 18

Mo. 405; Butcher v. Death et al., 15 Mo. 275; Beck v. Farera, 19 Mo. 31.)

*Lackland, Cline & Jamison,* for respondent.

I. Defendant George was the only one who answered; the others were defaulted, and thereby confessed the regularity of the proceeding. This judgment by default, as to Priest, Watson and Johnston is claimed to be irregular; but no motion was made below to set aside the judgment by default.

The instructions given and refused, that were prayed for, are not open to question in this court, because they are not complained of in the motion for a new trial in the court below. (4 Zabriskie, 740; 25 Penn., 1 Craig, 434; 15 Ark. 128; 10 Texas, 116.)

In entering this judgment—which under the statute should be a general judgment against James George, the contractor, and special as to the premises charged with the lien—the clerk uses the plural of defendants, although it is evident, from an examination of the record, that no one was or could be meant except James George. "Said defendants," used in the judgment must, on a fair construction, refer back and be intended to mean James George, who is the only defendant named in the entry, or who contested the claim of respondent before the jury.

If this had been complained of in the court below, it could have been corrected at any time by a *nunc pro tunc* entry, if it had been deemed by the court as being a general judgment against the owners of the premises in question.

II. If the record, by reason of any mistake of the clerk, needs any correction so as to make it conform to the facts, it is within the power and the duty of the court to correct the same, upon the application of either party or upon its own motion. (Hanly v. Dews, 1 Mo. 16; Hyde v. Curling et al., 10 Mo. 357; State v. Clark, 18 Mo. 430; Smith v. Jansen, 8 John. 111; Bradshaw v. Colaghan, 8 John. 558; Anon., 12 John. 34; Bronson v. Mann, 13 John. 558; Williams v. Sherman, 15 Ind. 195; Commonwealth v. Carpenter, 3 Mass.

268–270; 5 Mass. 420; 13 Mass. 433; 13 Pick. 195; 4 Hamm. 200.)

III. In conclusion, it is claimed by the respondents that there is no error in the record presented in this cause, and that the judgments should be affirmed for two reasons.

· Irregularities in judicial proceedings are not grounds for errors, but for amendments on motion to the court where the proceedings are had. (Clagget v. Simes, 11 Foster, N. H. 22.)

A judgment against the defendants generally is a judgment only against those who have appeared or who have been served with process; or, in other words, it is construed to be a judgment against those only against whom it could rightfully have been entered. (Clark v. Fennelle, 16 B. Monroe, 329; Cahill v. Valaningham, 7 Ind. 540.)

The rendition of a judgment against a party who has not been served with process, and who did not appear, is a mere clerical mistake, which may be amended, on motion, in the court below; and if no motion for amendment be made, it furnishes no ground for reversal. (Savage v. Walsh, 26 Ala. 619; Ramsey v. McCawley, 9 Texas, 106; Lobb v. Lobb, 26 Penn., 2 Casey, 327.)

IV. Because this apparent irregularity has not been complained of in the court below, nor is it assigned for error in this court.

The appellate court will not reverse for causes not mooted, or objections not made in the court below. A party is not at liberty to make one set of objections before the court below, and then seek to reverse their judgment on appeal upon grounds not distinctly raised for their adjudication. (Vanledarger v. Schaun, 4 Zabr. 740; 25 Penn. State R. 1 Casey, 434; 15 Ark. 128.) All points not raised by the pleadings or otherwise below, and not assigned for error, will be disregarded. (10 Texas, 116.)

BATES, Judge, delivered the opinion of the court.

This suit was brought against George as contractor for building some houses for the other defendants, Priest and

Watson, to enforce a mechanic's lien in favor of the plaintiff, who was a sub-contractor. The plaintiff claimed for the worth and value of the work done and materials furnished by him. George answered and alleged that he had a special contract with the plaintiff, by which the plaintiff was to do the work for one thousand nine hundred and seventy-five dollars. The other defendants did not answer, and default was taken against them. At the trial the plaintiff gave evidence to establish his account, and the defendant George gave evidence that there was a special contract, but did not show what it was except by the plaintiff himself, who testified that for a portion of the account he was to receive two thousand four hundred dollars, and that there were other charges which were extras. The defendant George asked the court to instruct the jury " that if they believe from the evidence that a portion of the work sued for was performed by plaintiff for defendant under a contract between them for a specific sum, then plaintiff can for such work only recover nominal damages, unless the amount for which the contract was made has been shown by the evidence, and the burthen of such proof devolves upon plaintiff." The court properly refused this instruction, because the defendant George having set up the special contract it was his business to prove it.

The defendants, who were the owners of the building, have made no question about the special contract. A verdict was given for the plaintiff, and a general judgment was given against all the defendants, with special judgment against the property. This judgment was erroneous in being general, but that question is not properly before us. No exception to it was taken in the court below, and, although motion in arrest was filed, that error was not pointed out or referred to. Even in this court the assignment of errors does not show that as an error.

Judgment affirmed. Judges Bay and Dryden concur.

NOTE BY REPORTER.—There is a distinction, which is frequently overlooked, between matter of exception and error. Properly, *exception* is taken to the action of the court in that which is not matter of record, as to the ad-

mission or rejection of evidence, the granting or refusing some motion, the declaration of the law to the jury, &c., which can be made matter of record only by bill of exceptions. The *record* of a case is, at common law, the writ, declaration, and subsequent pleadings, the verdict and judgment; and upon writ of error, the court would examine the record and reverse the judgment if there were error apparent. (See 2 Phil. Ev., Cow. & H., notes, ed. 1859, 996–1000, and notes 606, 607 & 614; Jac. L. D., Exceptions to Evidence, Error.)

Exception must be taken at the trial, or it will be waived. The provision of our statute (R. C. 1865, p. 1264, § 27, &c.) is similar to the old English statute of XIII. Ed. I., Ch. 31, but requires all the exceptions taken to be embraced in the same bill, in this respect differing from the common law practice.

The distinction between matter of error and exception seems to be preserved in the statute. (R. C. 1855, p. 1300, § 33, and p. 1301, § 35.) Sec. 33 declares that "no exception shall be taken in an appeal, or writ of error, to any proceeding in the Circuit Court, except such as shall have been expressly decided by such court;" while sec. 35 requires the Supreme Court to examine the *record* and award a new trial to reverse or affirm the judgment, or to give the proper judgment, as may seem agreeable to law.

As a general rule, the Court of Errors will notice no errors except they be specially assigned ; but it may, and often does, notice error apparent upon the record proper, although it be not assigned specially. (Jac. L. D. vers. Error ; McWaters et al. v. State, 10 Mo. 167 ; McGee v. State, 8 Mo. 495.) And it will sometimes reverse although the error was not excepted to in the court below, (West Ass. v. Miles, 9 Mo. 167), in which case the judgment was reversed for irregularity. (See Harbor v. Pacific R.R., 32 Mo. 423.) After the close of the term, the *nisi prius* court has no authority to correct any errors committed, however apparent; this can only be done by the Court of Errors upon writ of error or appeal.