FREDERICK B. MILLER *et al.*, Defendants in Error, *v.* FRANKLIN DAVIS, Plaintiff in Error.

1. *Writs of error — Record — Exceptions and motions — Statutes of amendments* — Jeofails.— When a case is brought up without any exceptions or motions in arrest or for new trial, this court can only look at the record proper for error, and can reverse only for such as are not cured by the statutes of amendments. .

2. *Writs of error — Record — Pleadings — Reversal of judgments.*— Where plaintiff shows by his own petition that he has no standing in court, but yet obtains judgment against the defendant, that is an error for which the judgment must be reversed.

3. *Equity—Purchase-money for land—Resulting trusts—Fraud against statute.*— Where one purchases land in fraud against an existing statute, and has the title conveyed to another, there is no resulting trust in favor of such purchaser.

*Error to Perry Circuit Court.*

*Robinson & Clardy*, for plaintiff in error.

Equity follows the law, and the bill shows upon its face that the grantor of defendants in error, William Davis, was by law precluded from owning or entering the land in question. Equity, therefore, affords no relief either to said William Davis or the defendants in error, who are his privies in estate. (Sto. Eq., 3d ed., §§ 6, 12, 13, 16, 17, 64 ; State v. Matson, 38 Mo. 489; Dilly v. Barnard, 8 Gill & J. 171 ; Field v. Myers, 37 Mo. 434; 28 Mo. 335.)

*Cissell & Noell*, with *Johnson*, for defendants in error.

ADAMS, Judge, delivered the opinion of the court.

This case is here by writ of error. The original judgment was rendered in 1857, and at the time it was rendered the defendant was a minor of tender years, and claims that three years have not expired since his majority. Before suing out this writ of error, defendant appeared in the Circuit Court and filed a motion to set aside the judgment on the grounds of alleged errors in the proceedings. Whether this motion ought to have been made or could have been entertained after the lapse of so many years, it is

unnecessary to decide. It is sufficient that the case is here within three years after the defendant became of age.

An infant has three years after he becomes of age, under our statutes, to sue out of this court a writ of error on the final judgment of a Circuit Court. There has been no plea of limitation filed in this court against this writ of error, and we must therefore assume that the three years have not expired.

When a case is brought here without any exceptions or motions in arrest or for a new trial, we can only look at the record proper for errors, and can only reverse for such as are not cured by the statutes of amendments. When a plaintiff by his own petition shows that he has no standing in court, and yet obtains a judgment against the defendant, that is an error which this court must entertain and for which the judgment must be reversed.

The facts stated in this petition are, substantially, that the defendant's father, under the laws of Congress, had entered all the forty-acre tracts of land he was entitled to enter, and, not being able to enter the forty acres in dispute in his own name, made the entry in the name of his infant son, the defendant. The petition then alleges that the father sold and conveyed this forty acres to the plaintiff, and asks a decree for the title to be divested out of the infant and invested in the plaintiffs.

It is a well-settled principle of equity jurisprudence that in general, when one person pays the purchase-money for land and the title is conveyed to another, a trust results in favor of the party who paid for the land. But where such purchase is made in fraud of an existing statute and in evasion of its express provisions, no trust can result in favor of the party who is guilty of the fraud. There is no pretense here that the plaintiffs are innocent purchasers. They make no such allegation in the petition. They occupy the precise relation to the defendant that was held by their assignor, and boldly assert that he, in order to obtain this tract of land from the United States, used the name of his infant son, because he could not make the entry in his own name, having already entered as many forty-acre tracts as he was entitled to by the laws of the United States. His act in making this entry was against public policy. Under the facts as stated in the petition,

no trust resulted to the father; and as between him and his assignees and the son, a court of equity cannot disturb the title.

The judgment will therefore be reversed and the cause remanded. Judge Wagner concurs. Judge Bliss absent.