————o————

JOHN HIGGINS, Defendant in Error, *vs.* DENNIS C. HIGGINS, Plaintiff in Error.

1. *Pre-emption in another's name in fraud of statute—Resulting trust—Equitable relief, when granted.*—Where one enters land which he cannot legally enter in his own name, in the name of another, in evasion of the law, no trust will result in his favor and equity will grant him no aid.

*Error to Davies Circuit Court.*

*M. A. Low*, for Plaintiff in Error.

I. The petition shows that John Higgins could not have legally entered the land in his own name, and the entry was made in his son's name to evade the pre-emption laws of the United States. No resulting trust can be set up, if it would break in upon the policy of the law, or a public statute. (Miller vs. Davis, 50 Mo., 572; Alexander vs. Warrance, 17 Mo., 228; Baldwin vs. Campfield, 4 Halst. Ch., 891; *Ex parte* Yallop, 15 Ves., 60; Ford vs. Lewis, 10 B. Mon., 127; Cottington vs. Fletcher, 2 Atk., 156; Muckleston

vs. Brown, 6 Ves., 68; 1 Sto, Eq. Jur., § 294; Cooth vs. Jackson, 6 Ves., 12.)

*Milt. Ewing,* for Defendant in Error.

I. The petition does not show that the father entered the land in the name of the son, for the purpose of evading any act of Congress.

II. The petition is sufficient after verdict.

III. Where a father purchases or enters land in the name of his son, although the presumption is, that it was intended as an advancement to the son, yet that presumption may be rebutted by testimony.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Davies Circuit Court, to divest the title in and to a tract of land out of the defendant and to vest the same in the plaintiff.

The petition is as follows :

"Plaintiff states, that on the——day of August, A. D. 1855, he purchased and entered at the land office of the United States at Plattsburg, Missouri, the following lands, to-wit: The South-East Quarter of the North-East Quarter of Section thirty-five, of Township sixty-two, of Range twenty-eight, in the County of Davies and State of Missouri, containing forty acres, at the price and sum of fifty dollars, in the name of the defendant, a child of the plaintiff, now aged about sixteen years.

"Plaintiff further states, that at the time he entered said land, that he had filed his pre-emption claim thereon and doubts arose as to the validity of his pre-emption; and one Dennis Clark was about to enter the land and take it from the plaintiff, and as plaintiff could not enter until the time of proving his pre-emption on said land expired, in order to make sure of the land and avoid a law suit with the said Clark, in relation to the same under his pre-emption, he purchased the same in the name of the defendant.

"Plaintiff further states, that he has recently removed with

his family, including defendant, to the State of Iowa, from his former residence in Davies County, Missouri, and having sold out in this county, he desires to sell this land also."

He then prays for a decree divesting the title to the land out of defendant and vesting it in plaintiff, &c.

The defendant was served with process and afterwards, a guardian *ad litem*, was appointed for the infant defendants. The record shows that the guardian filed an answer, but none appears in the record; but no objection is taken by the parties to the record on that account. Afterwards, at the November term, 1866, of the court, the case was heard by the court, and a decree rendered in favor of the plaintiff. The court in the decree finds each and every fact stated in the petition to be true. There is no bill of exceptions, and no exceptions appearing on the record, so that nothing can be examined in this court but the petition and decree, and if no error appears in them, the judgment should be affirmed.

It is admitted by the parties, that the writ of error was sued out within three years after the defendant arrived at the age of twenty-one years. It is insisted by the defendant, that it is shown by the petition, that the plaintiff could not have legally entered the land in his own name, and that the entry was made in his son's name to avoid the pre-emption laws of the United States, and that in such case, no trust would result in his favor. The petition states, that the plaintiff had made a pre-emption on the land; that it was doubtful whether his pre-emption was valid; that one Clark was threatening to enter the land, and that, as plaintiff could not enter the land in his own name until the time for proving up the pre-emption expired, in order to make sure of the land and avoid a lawsuit with Clark in relation to his pre-emption on the land, plaintiff entered and purchased the land in his son's name. The plaintiff admitting that he had entered the land in defendant's name, in evasion of the law, in order to defeat the claims of Clark to the land, when by the law he could not have entered it in his own name, no trust can result in his favor; and a court of equity will not interfere to help him out of the dif-

ficulty in which he has placed himself in violation of law. This case cannot be distinguished from the case of Miller vs. Davis, 50 Mo., 572.

The judgment will be reversed. The other judges concur.