## NISBETT vs. BROWN & NORTON.

1. BILL OF EXCEPTIONS: *Certainty in.*

   Where the answer sets out the facts relied on as a defense, and the bill of exceptions shows that the defendant offered to prove the facts stated in the answer, this renders it sufficiently certain as to the facts offered in evidence and excluded by the court.

2. NEGOTIABLE PAPER: *Defenses against an assignee under the statute.*

   In a suit by the endorsee of a draft against the drawer, the latter need not, in a plea of failure of consideration, allege notice, under the provisions of section 3, ch. 158, Gould's Digest.

3. MOTION FOR NEW TRIAL: *How made a part of the record.*

   A motion for new trial is no part of the record, unless referred to, or incorporated in the bill of exceptions.

APPEAL from *Craighead* Circuit Court.

Hon. W. F. HENDERSON, Circuit Judge.

*Clark & Williams* for appellants.

Plea of no consideration threw the onus on complainants. *Dickens* v. *Burke*, 6 Ark., 412; *Cheney* v. *Higginbotham*, 10 Ark., 274; *Williams* v. *Williams*, 13 Ark., 421.

The draft was not presented in reasonable time, and the drawers therefore released. Story on Bills, secs. 324–25–26; *Berry* v. *Robinson*, 9 Johns., 121; *Field* v. *Nickerson*, 13 Mass., 131; *Tice* v. *Cunningham*, 1 Cow., 397; *Martin* v. *Winslow*, 2 Mason, 241; *Peters* v. *Hobbs*, 25 Ark., 67; *Anderton* v. *Beck*, 16 East., 248; *Vanhoosen* v. *VanAlstyne*, 3 Wend., 75; *Lord* v. *Chadbourne*, 8 Greenl., 198; *Brower* v. *Jones*, 3 Johns., 203; *Tucker* v. *Manwell*, 11 Mass., 143; *Roberts* v. *Ames*, 20 Johns., 146; Chitty on Bills, 8 ed., p. 410 and *n* 1.

There was no assignment shown. This is a matter of jurisdiction, and may be taken advantage of in arrest of judgment, or on error. *Montagur* v. *Smith*, 13 Mass., 404–5; *Smith* v. *Emory*, 7 Halst., 53; *Wheelwright* v. *Burs*, 2 Hale, 391; *Burndaller* v. *Tate*, 1 Sergt. and Rawle., 160; Chitty on Pl., pp. 2, 3, 5, 13; *Pearse* v. *Austin*, 4 Whart., 489; *Dodge* v. *Wilkins*, 3 Metc., 292; *Bell* v. *Lymans*, 1 Monroe, 39; *Bragg* v. *Welsell*, 5 Blackf., 95; *Tangburn* v. *Rumsey*, 11 Johns., 141; *Brush* v. *Curtis*, 4 Conn., 312; *Fumley* v. *Black*, 44 Ala., 159; *Spears* v. *Clark*, 6 Blackf., 167.

Evidence of want of consideration was improperly excluded. Cases *supra*, also *Smith* v. *Capers*, 13 Ark., 9; *Williams* v. *Williams*, 13 Ark., 421; *McDaniel* v. *Grace*, 15 Ark., 466; *Berry* v. *Diamond*, 19 Ark., 262.

The bill of exceptions substantially shows all the evidence introduced, which is sufficient. *Taylor* v. *Spears*, 8 Ark., 429; *Gamble* v. *Hamilton*, 7 Mo., 469; *Jordan's admr.* v. *Adams*, 7

Ark., 348; *Everett* v. *Clements & Thompson,* 9 Ark., 478; *Green* v. *Ashley,* 6 Leigh., 135. But trial is not necessary to obtain review of ruling improperly excluding material testimony. *Webrum* v. *Kuhn,* 39 N. Y., *supra;* Ct. Reports, 336; *Wehle* v. *Havelinde,* 46 How. N. Y. Pr. Rep., 399; *Meyer* v. *Fingel,* 38 ib., 424; *Fax* v. *Sturm,* 21 Texas, 407; *Seawell* v. *Henry,* 6 Ala., 226; *Stokes* v. *People,* 53 N. Y., 164.

As to the errors of record, see *Freedlander* v. *Pugh,* 43 Miss., 111; *Wells* v. *Moseley,* 4 Cold. (Tenn.), 401; *Miller* v. *Ratcliffe,* 14 Ark., 419; *Houch* v. *Lynch,* 17 Ark., 479; *Butts* v. *King,* 19 Ark., 118; *Watkins* v. *Rogers,* 21 Ark., 298.

*Rose* for appellees.

The testimony offered should have been set out clearly, and not vaguely and generally. *Chrisman* v. *McDonald, ante.* *Hollister* v. *Reyner,* 9 Ohio, 1; *State* v. *Cowen,* 7 Iredell, 243; *Duffee* v. *Pennington,* 1 Ala., 508.

Bill good in hands of assignee, without notice of the defense. Gantt's Digest, sec. 566.

The motion for a new trial is no part of the record. *White* v. *Prigmore,* 29 Ark., 208.

ENGLISH, CH. J.:

Brown & Norton sued Wm. W. Nisbett, in the Craighead Circuit Court, on a sight draft, drawn by Nisbett, at Forrest City, Arkansas, January 11th, 1872, on A. J. White & Co., of Memphis, Tennessee, for $502.96, payable to the order of J. E. Simpson; by him endorsed to Brown & Norton, and protested for non-payment 14th January, 1873.

Nisbett filed an answer to the complaint in substance as follows:

Defendant admits that he is the drawer of the draft sued on, but states that the consideration for which said draft was made has wholly failed. That said J. E. Simpson was, at the date of

the execution of said draft, indebted to A. J. White & Co., upon whom said draft was drawn, to the full amount of said draft, and agreed with defendant, as the agent of said A. J. White & Co., that in consideration that defendant would execute said draft, he, said Simpson, would deliver to defendant certain goods, wares and merchandise, to the amount of said draft, and that the same should be used only as a payment to the said A. J. White & Co. upon said indebtedness, and not otherwise. But that said Simpson failed and refused to deliver to defendant said goods so agreed to be delivered, and after demand therefor, by reason of which the consideration for which said draft was given has wholly failed.

The answer was filed 18th June, 1873.

On the 11th February, 1874, the plaintiffs filed a demurrer to the answer, which, on motion of defendant, the court struck out, because it was not filed in apt time.

The cause was submitted to a jury on the complaint and answer, and verdict in favor of the plaintiffs for the amount of the draft.

The defendant filed motion for a new trial on the grounds : ·

*First*—Because the court erred in refusing to allow defendant to introduce evidence to show a total failure of consideration for the execution of the draft sued on.

*Second*—Because the court erred in excluding from the jury evidence offered by the defendant in support of his answer.

The record entry states that the motion for a new trial was overruled, to which ruling the defendant excepted at the time, and took a bill of exceptions, etc.

The bill of exceptions states that the plaintiff read to the jury the original draft sued on, the endorsement thereon, and proof of protest; which are copied.

And thereupon the defendant offered to introduce evidence to establish the facts set up in his answer, which was excluded by

the court, against the objection of the defendant; to which ruling of the court the defendant excepted at the time, and brings his bill of exceptions, and asks that the same be allowed and signed, which is accordingly done.

This is all there is of the bill of exceptions, except the signature of the judge.

Judgment for plaintiffs, and defendant appealed to this court.

*First*—In the original transcript the clerk omitted to copy the endorsement of the draft by Simpson, the payee, and hence it did not appear that the appellees had any title to the paper or right of action upon it, but this omission has been cured by certiorari.

*Second*—The appellant offered to introduce evidence to establish the facts set up in his answer, which the court excluded.

The counsel for appellees insist that the facts which the appellant proposed to prove should have been set out in the bill of exceptions; and this no doubt is the general rule, but here the answer sets up the facts relied on as a defense, and the appellant proposed to prove the facts so set up, and this made the bill of exceptions sufficiently certain as to the facts offered in evidence and excluded by the court, and takes the case out of the rule as laid down in *Hollister et al.* v. *Rozner*, 9 Ohio State R., 1, and cases cited, relied on by the counsel for appellees.

If the facts set up in the answer made a good defense, the court should have permitted the appellant to prove them.

*Third*—But it is insisted for appellees that the answer was bad, because it did not allege that the appellees took the draft with notice that the consideration upon which it was executed had failed, and hence if the court had permitted the appellant to prove all the facts alleged in the answer, no valid defense to the action would have been made out.

By the act of 10th April, 1869 (Acts of 1868–9, p. 146), when the drawer or maker of any bond, bill or note for the

direct payment of money alone inserted therein the words *"without defalcation,"* such paper, in the hands of a *bona fide* endorsee for value, before maturity, was put upon the footing of commercial paper under the law merchant, etc.

But the draft in question does not contain the words "without defalcation." "At sight, pay to the order of J. E. Simpson $502.96-100, value received, and charge to account of Wm. W. Nisbett," and hence does not fall within the provisions of the above act.

But the effect of section 26, of the act of April 24th, 1873, amending section 26, of the Code (Acts of 1873, p. 215), was to repeal the third section of the Statute of Assignments, Gould's Dig., ch. 15, p. 158, and to put bills of exchange, common orders, or checks, and promissory notes negotiable and assignable by the law merchant, on the footing of commercial paper in the hands of assignees, so that the defenses that may be set up by the makers of such instruments, as against assignees, must be governed by the law merchant. *Sayre* v. *Thompson, ad.,* 28 Ark, 336.

But the draft in question was drawn on the 11th January, 1872, and assigned to the appellees as early as the 14th January, 1873, for the notarial certificate of protest shows that they were its holders on that day, when it was presented to the drawees for payment. Hence the draft does not come under the provisions of the act of April 24th, 1873, above cited. Ib.

The answer therefore set up a good defense to the action, and the court below should have permitted the appellant to prove the facts therein alleged.

*Fourth*—But it is insisted for the appellees that there is nothing before this court, because the motion for a new trial was not made part of the record by the bill of exceptions.

It is true that the bill of exceptions makes no reference whatever to the motion for a new trial, and this court held in *White* v. *Prigmore*, 29 Ark., 450, that a motion for a new trial is not part of the record unless made so by bill of exceptions.

In that case it appears that there was a motion for a new trial filed, and overruled, and the party filing it appealed without taking·a bill of exceptions. In this case the appellant took a bill of exceptions, but makes in it no reference to the motion for a new trial.

It has long been the settled practice in this state, that by filing a motion for a new trial, previous exceptions to the rulings of the court are abandoned, unless made grounds of the motion, and where the motion is overruled, the party filing the motion must not only except to the decision of the court overruling the motion, but must take a bill of exceptions to bring upon the record matters of fact, and questions of law ruled upon by the court during the trial, and which are made grounds of the motion for a new trial.

But whether the motion for a new trial becomes part of the record by being merely filed, as do pleadings, without being referred to and made part of the record by bill' of exceptions, was never decided by this court directly until in the case of *White* v. *Prignore* above cited.

Lawyers in drafting a bill of exceptions to the decision of the court overruling the motion for a new trial, have in some cases incorporated the motion in the bill of exceptions, and in others referred to the motion as filed, overruled, etc., but perhaps it has rarely happened that an Arkansas lawyer of any experience took a bill of exceptions to the decision of the court overruling a motion for a new trial, and made no reference whatever to the motion, as in this case.

No adjudications are cited in *White* v. *Prigmore* in support of the ruling that a motion for a new trial is not part of the record

unless made so by the bill of exceptions, and we have looked into the question again, and while we find some authorities that sustain the decision, we have been able to find no case in which it has been decided that the mere filing of a motion for a new trial makes it a part of the record, except a case in Iowa, which was based on a statute.

Much controversy having arisen in that state as to what was part of the record, the Legislature passed an act declaring that: "All proper entries made by the clerk, and all papers pertaining to a cause and filed therein, (except subpœnas, depositions and other papers which are used as mere evidence), are to be deemed parts of the record."

In *Mays* v. *Deaver*, 1 Iowa, 223, the Supreme Court of Iowa held that prior to the passage of this act, a motion for a new trial could not have been treated as part of the record unless made so by bill of exceptions, citing a number of cases, but that under the statute a motion for a new trial regularly filed, marked filed by the clerk, and certified in the transcript, should be treated as part of the record.

We have no such statute.

In *Lenox* v. *Pike*, 2 Ark., 20, Mr. Justice Lacy attempted a general definition of what constitutes the record.

*Batison* v. *Clark et al.*, 37 Mo., 34, the court said: "The record proper, by law, is the declaration, summons, and all subsequent pleadings, including the verdict and judgment, etc. Matter which arises wholly from the action of the court in the progress of the trial, as the admission or rejection of evidence, the sustaining or overruling some motion, the giving or refusing instructions, etc., is strictly no part of the record, unless made so by bill of exceptions, etc." See also note to *Richardson* v. *George et al.*, 34 Mo., 108.

Nisbett vs. Brown & Norton.

The court, shortly after its organization, made the following rule for the government of clerks in making out transcripts, which indicates what it regarded as the record.

"In cases at law, the declaration, capias, endorsement, and return, and the orders of the court, with the pleas, demurrers, replications, etc., referred to in the orders, in immediate succession, up to, and including the final judgment, will follow in the order they are named. Orders for attachments against witnesses need not be copied; then the bills of exceptions and papers referred to therein, no other paper, not even a bond declared on or deposition that may have been used on the trial, are to be copied, unless made part of the record by oyer, special verdict, agreed case, or demurrer to evidence; or by reference to it in some other paper, which is a part of the record. In ejectment neither the title papers, or Surveyor's report, is part of the record, unless made so by bill of exceptions." See Rules, 1 Ark., 8.

After thus looking again into the question, we are not disposed to overrule. *White* v. *Prigmore.*

It is submitted for appellant that the draft sued on, being a sight draft, should have been presented to the drawees for payment within a reasonable time after it was drawn, and that it was not presented for over a year, which was an unreasonable delay.

Perhaps this was a delay not allowable by the law merchant where the drawer has funds in the hands of the drawee, or a right to expect that the draft will be paid, but this is not shown in this case, nor was this question in any way raised in the court below, or passed upon by it, nor is it any way properly presented in the transcript before us.

The judgment must be affirmed.