McIntire v. McIntire.

---

McIntire, *Defendant in Error*, v. McIntire.

1. **Divorce**: ALIMONY. A woman can have permanent alimony in this State only as incident to a decree of divorce in her favor.

2. **Practice in Supreme Court.** The Supreme Court will reverse a cause for material error apparent on the face of the record, although no motion in arrest or for review is made in the circuit court.

*Error to Holt Circuit Court.*—Hon. H. S. Kelley, Judge.

Reversed.

*Hamilton & Fisher* with *Daniel Zook* for plaintiff in error.

The court exceeded its jurisdiction in allowing alimony to the wife when the decree for the divorce was in favor of the husband. R. S. 1879, §§ 2179, 2180, 2182, 2183; 1 Bishop on Marriage and Divorce, (6 Ed.) § 573; *Nucross v. Rogers*, 30 Vt. 588; *Thorn v. Kuthan*, 51 Vt. 520; *Gildhall v. Raymond*, 1 Strange 647; *Williams v. Prince*, 3 Stro. 490; 2 Bishop Marriage and Divorce, § 376; *Duval v. Duval*, 13 Mass. 264; *Dean v. Richmond*, 5 Pick. 461. A court of equity has no inherent power to decree alimony. 16 Mich. 162; 2 Bishop Marriage and Divorce, § 427. This court will review any order or judgment touching the alimony. R. S., 2184, 2185.

*T. C. Dungan* for defendant in error.

MARTIN, C.—The plaintiff sued for a divorce, alleging that the defendant had offered to her such indignities as rendered her condition in life intolerable, also indicating the character of the indignities. The defendant denied the charges against him, and by way of cross-bill asked for a divorce on the ground of cruel and barbarous treatment inflicted upon him by the plaintiff. There is no bill of exceptions in the case, and we are necessarily confined to the record in our review of errors.

The trial resulted in a decree of divorce in favor of the defendant against the plaintiff. It gives the custody of the child to the plaintiff, and concludes as follows: "And the court further orders, adjudges and decrees, that the said plaintiff have judgment for and receive of said defendant the sum of $1,000 for alimony, and that she have execution against the defendant therefor." This writ of error is prosecuted for the purpose of reversing so much of said decree as adjudges alimony in favor of plaintiff. This is an extraordinary decree, which gives a divorce to the defendant

and a judgment for alimony to the plaintiff. The right of the court to adjudge a divorce, as well as to order payment of alimony, is conferred upon it by statute. Permanent alimony can be adjudged only as incident to a decree for a divorce, and then only in favor of the wife when she is the prevailing party. *Doyle v. Doyle,* 26 Mo. 545; R. S. 1879, § 2180.

How can the decree in this case be justified in face of the statute, which declares that: " In all cases of divorce from the bond of matrimony, the guilty party shall forfeit all rights and claim under and by virtue of the marriage." R. S. 1879. § 2132. Section 2179 was never intended to authorize permanent alimony in favor of the wife, except as incident to a decree of divorce in her favor. She may have alimony *pendente lite,* which is necessarily before final decree. But this can be given only as incident to the suit and under the provisions of the statute. Under the law as it prevailed in the revision of 1855, alimony *pendente lite* was accorded to the wife only when she was plaintiff. R. S. 1855, § 8, p. 662. The right of the court to decree alimony *pendente lite* to her when she was defendant, was denied by the Supreme Court. *Morton v. Morton,* 33 Mo. 614. On account of this construction of the statute of 1855, the section was subsequently amended so as to authorize an order for alimony *pendente lite* whether she was plaintiff or defendant. But this clause, as it now reads, has no reference to permanent alimony, which attends a final decree in favor of the wife. Of course a husband has no claim for alimony, however the decree may go.

It does not appear that the defendant made any motion in arrest of the judgment against him, and the question arises whether he can urge in the appellate court the error now assigned by him for reversal. The decisions on this point have not been uniform. It has been laid down in broad terms that a motion in arrest was necessary in order to give the trial court an opportunity to correct its error before resorting to the appellate court. *Railroad Co. v.*

*Mahoney,* 42 Mo. 466; *Banks v. Lades,* 39 Mo. 406; *Haskell v. Sullivan,* 31 Mo. 435.

In the case of *Richardson v. George,* 34 Mo. 104, the Supreme Court refused to reverse or correct a general judgment rendered against a sub-contractor, or against the contractor and the owner of a building for which materials had been furnished by plaintiff, because the motion in arrest did not particularly indicate the error which was necessarily apparent of record. This decision did not please the reporter, and he appended to it a learned note, which has finally prevailed against the decision. In *State v. Marshall,* 36 Mo. 401, Judge Holmes considers the question and dispenses with the necessity of a motion. In *Miller v. Davis,* 50 Mo. 572, Judge Adams says: " When a case is brought here without any exceptions or motion in arrest, or for new trial, we can only look at the record proper for errors, and can only reverse for such as are not cured by the statutes of amendments. When the plaintiff, by his own petition, shows that he has no standing in court, and yet obtains a judgment against the defendant, that is an error which this court must entertain, and for which the judgment must be reversed." The question was considered by Judge Wagner in *Bateson v. Clark,* 37 Mo. 31, and more recently by Judge Sherwood in *Sweet v. Maupin,* 65 Mo. 65, in which the prior authorities were elaborately reviewed on a motion for a rehearing.

It may be safely asserted that the appellate court will reverse for fatal error apparent on the face of the record, although no motion in arrest or for review has been made, such for instance as that the court has no jurisdiction of the cause or parties, or that the petition fails to state a cause of action. There may be defects and irregularities apparent of record, but the appellate court will not always reverse on account of them. It has refused to reverse for errors of misjoinder of parties and causes of action. *Ames v. Gilmore,* 59 Mo. 537. When the defects and irregularities do not fall within the designation of material errors, they

cannot be taken advantage of in the appellate court, although patent of record, unless they have been brought to the attention of the trial court by appropriate motion or exception, as the case progressed. *Lawther v. Agee*, 34 Mo. 373. When a motion in arrest is necessary to bring such defects or irregularities before the appellate court, the motion must be preserved by bill of exceptions. *Marquis v. Clark*, 64 Mo. 601; *Baker v. Loring*, 65 Mo. 527; *Blunt v. Zink*, 55 Mo. 455.

In the present case the error is not only apparent of record, but it is a material one which discloses a judgment in favor of a party who is not entitled to it upon the record made by the pleadings and proceedings in the case. The court having adjudged the divorce in favor of the defendant, had no jurisdiction to render a decree for alimony in favor of plaintiff. This error is palpable, and may be corrected on writ of error. Accordingly it is ordered that the decree be reversed and the cause remanded, with directions to the court below to enter judgment in accordance with this opinion. All concur.