SCHAFFER, *Appellant*, v. BELDSMEIER *et al.*

DIVISION ONE.

1.  **Homestead:** FRAUDULENT CONVEYANCE. Prior to the act of 1875 (R. S. 1889, sec. 5439), amendatory of the homestead law, the husband took in the homestead the fee-simple title which passed to his widow and minor heirs, and there could not be a fraudulent conveyance of such estate.

2.  ———: ———. Under the operation, however, of said amendment there can be a fraudulent conveyance subject to the homestead charge.

3.  ———: ———. A creditor may, since said amendment, enforce his judgment, rendered in the life of the decedent, against the estate fraudulently conveyed, remaining after the expiration of the homestead rights of the wife and children.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Rassieur & Schnurmacher* for appellant.

(1) Under the present homestead act, the land used as a homestead passes, upon the death of the owner, to his widow for life, and to his children during minority. Subject to this right of the widow and minors, the homestead may be sold to pay debts. The creditors, therefore, have an interest therein, under the existing law. In this respect there is a difference between the homestead act of 1875, and the act as it stood prior to amendment. R. S. 1889, sec. 5439. (2) A voluntary conveyance of land, in which there is such limited right of homestead, will be set aside as fraudulent, at the instance of creditors of the deceased householder. *Currier v. Sutherland*, 54 N. H. 475; *Chambers v. Sallie*, 29 Ark. 407; *Norris v. Kidd*, 28

Ark. 485 ; *Jackson v. Allen,* 30 Ark. 110 ; *Folsom. v. Carli,* 5 Minn. 333 ; *Tillotson v. Millard,* 7 Minn. 513 ; *Ruohs v. Hooke,* 3 Lea (Tenn.) 302; *Smith v. Provin,* 4 Allen, 516 ; *White v. Rice,* 5 Allen, 73 ; *Drake v. Kinsell,* 38 Mich. 232.

*Lubke & Muench* for respondent.

(1) No fraud upon creditors can be perpetrated by any disposition a debtor may see proper to make of his homestead. It is beyond their reach, both at law and in equity, and there can be no fraudulent disposition of such homestead within the meaning . of the attachment and execution law. A party may sell or mortgage his homestead, or any part thereof ; his creditors have no concern with it. He may give it away, and they are not prejudiced. *Davis v. Land,* 88 Mo. 436 ; *Grimes v. Portman,* 99 Mo. 229 ( having reference to homesteads acquired ) ; Thompson on Homestead and Exempt., sec. 408, *et seq.; Vogler v. Montgomery,* 54 Mo. 577 ; *State ex rel. v. Diveling,* 66 Mo. 375 ; *Beck v. Ashbrook,* 59 Mo. 200; *Boggs v. Thompson,* 13 Neb. 403 ; *Derby v. Weyrich,* 8 Neb. 174 ; *Aultman v. Rainey,* 59 Iowa, 654 ; *Smith v. Rumsey,* 33 Mich. 183 ; *Dowd v. Hurley,* 78 Ky. 260 ; *Knevan v. Specker,* 11 Bush. 1 ; *Cox v. Wilder,* 2 Dill, C. C. 46 ; *O'Connor v. Ward,* 60 Miss. 1025 ; *Delashment v. Trim,* 44 Iowa, 613 ; *Winchester v. Gaddy,* 72 N. C. 115 ; *Allen v. Berry,* 56 Wis. 178.

SHERWOOD, P. J.—Under former statutory provisions relating to homesteads, the land covered by a homestead was wholly exempt from all liability for debt, exempt from attachment and execution. The husband took a fee-simple title which passed to his widow and minor heirs. *Skouten v. Wood,* 57 Mo. 380. This being the case, it was properly ruled that such a thing as a fraudulent conveyence of a homestead could not exist,

for the reason that such homestead being exempt, etc., could not in the nature of things be fraudulent as to creditors, who had not nor could acquire any interest in such exempt property. *Vogler v. Montgomery*, 54 Mo. 577.

But a radical change occurred in the homestead act by reason of the amendment of 1875. R. S. 1889, sec. 5439. The *fee* no longer passes to the original occupant, nor, on his decease, to his widow and heirs ; but an estate limited to the death of the widow and the attainment of the majority of the youngest child. And so this point was ruled in *Poland v. Vesper*, 67 Mo. 727, where it was held that where land was covered by the homestead, and set off to the widow as such, and subsequently sold for the payment of debts in regular course of administration, that the purchaser at such sale, upon the death of the widow and the attainment of the majority of the youngest child, could maintain ejectment against the latter for such land, and this upon the ground that the purchaser acquired the title to the land conveyed by the homestead, and, that estate having expired by statutory limitation, his title was clear. That case goes far towards being decisive of the one at bar. Here the land alleged to have been fraudulently conveyed by the deceased and his wife in his lifetime, was the *entire fee ;* but only a *homestead estate* was exempt from the claims of creditors, thus making this case wholly unlike *Vogler's case, supra*. To the extent of whatever interest then the decedent had in the land over and above a homestead estate, as distinguished from a fee-simple estate, to that extent his conveyance, if fraudulent, would be void as against plaintiff, an existing creditor, and the latter would be entitled to set aside such conveyance by appropriate proceedings and to have such reversionary interest applied to the satisfaction of his judgment lien, which judgment lien was rendered in the lifetime of the decedent.

This result necessarily follows from the premises stated ; a result which would leave the widow for whose benefit the fee was vested in possession and enjoyment of her homestead, and only subject the reversionary interest in the land to sale. The court below took a different view of the matter, however, and refused to permit the plaintiff to introduce any evidence to support the charge as to the fraudulent character of the conveyance, and dismissed the petition on the ground that it stated no cause, etc., and in this the lower court erred. The judgment should be reversed, and the cause remanded. All concur.