KIRKSVILLE SAVINGS BANK, Respondent, v. JNO. SPANG-LER *et al.*, Appellants.

### Kansas City Court of Appeals, November 5, 1894.

1. **Attachment:** AMENDMENT OF AFFIDAVIT: AGENCY. Where an affidavit for an attachment is made by an agent, though it contains no reference to such agency, yet it may be amended so as to show the agency.

2. ———: HOMESTEAD: FRAUDULENT CONVEYANCES. Under the homestead law, since the amendment of 1875, a creditor has such interest in his debtor's homestead that a conveyance thereof will constitute a ground of attachment and the creditor can have such conveyance set aside.

3. **Appellate Practice:** EVIDENCE IN ABSTRACT. An appellant is in no position in the appellate court to insist on matters of objection when there is no evidence, in his abstract, supporting the contention.

4. **Judgment:** CLERICAL ERROR. Where the petition and entire record show that the judgment in its entirety is for the proper amount, it will stand, notwithstanding the clerk may have erred in failing to number the counts in the judgment as they were in the petition.

*Appeal from the Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*J. M. McCall* for appellant.

(1) The court erred in permitting the plaintiff to file its amended affidavit. The first affidavit was fatally defective; it was no affidavit, and was not subject to amendment. The record does not show that R. M. Ringo had any interest in said cause of action, or that he was attorney for plaintiff. R. S., sec. 526. "The authorities are pretty well agreed that such a defect is fatal to the affidavit." *Claflin v. Hoover*, 20 Mo. App. 314. Also *Gilkerson v. Knight*, 71 Mo. 403; *Miller v. Railroad*, 58 Wis. 310. (2) The evidence showed, and in fact it was admitted, that Christian Spangler had lived upon, and occupied, this farm as his homestead for nearly thirty years. The evidence offered by defendant showed that this equity was worth, not to exceed $1,500. As such homestead it was exempt from attachment and execution. R. S., sec. 5435. *State ex rel. v. Mason*, 88 Mo. 222; *Grimes v. Partman*, 99 Mo. 229; *Holland v. Kreider*, 86 Mo. 59; *Beckman v. Meyer*, 75 Mo. 333. This is the law to-day. It has not been changed or modified by our courts. Creditors can not complain of the conveyance of a homestead having been made in fraud of their rights. It is beyond their reach at law or in equity. As to creditors, there can be no fraud in the disposition of a homestead. *Hart v. Leet*, 104 Mo. 315. This is the doctrine laid down in *Schaeffer v. Beldsmeier*, 107 Mo. 314.

*O. D. Jones* for appellant.

(1) If the property conveyed is the homstead of appellant he has a right to do it, without regard to existing or subsequent creditors. *Kendall v. Powers*, 96 Mo. 142; *Griner v. Portman*, 99 Mo. 229; *Hart v. Leet*,

104 Mo. 315–337. (2) The defendant is entitled to a homestead exemption in the equity of redemption. *State v. Mason*, 88 Mo. 222; *Meyer v. Nickerson*, 111 Mo. 184–188; *Huffschmidt v. Gross*, 112 Mo. 649; *Biffle v. Pellam*, 114 Mo. 50–53. The plea in abatement put in issue the truth of the allegations of the affidavit. The plaintiff must prove the facts alleged. Sec. 562. The defendant may prove any facts on the trial that show the allegations in law are not true.

*P. F. Greenwood, A. D. Risdon* and *F. M. Harrington* for respondents.

(1) The court did not err in permitting plaintiff to amend its original affidavit. It was signed, "R. M. Ringo, cashier," and properly sworn to and gave the court jurisdiction. R. S. 1889, sec. 568. *Henderson v. Drace*, 30 Mo. 358; *Musgrove v. Mott*, 90 Mo. 107; *Johnson v. Gilkeson*, 81 Mo. 55; *Burnett v. McCluey*, 92 Mo. 230; *Mackey v. Hyatt*, 42 Mo. App. 444. Amendments are favored and should be liberally allowed in futherance of justice. *House v. Duncon*, 50 Mo. 453; *Carr v. Moss*, 87 Mo. 447; *Utley v. Tolfree*, 77 Mo. 307; *Middleton v. Frame*, 21 Mo. 412; *Ensworth v. Burton*, 67 Mo. 622. (2) Prior to the act of 1875 (R. S. 1888, sec. 5439) amendatory to the homestead law, the husband in the homestead held the fee simple title which passed to his widow and minor heirs, and there could not be a fraudulent conveyance of such an estate; but under the amendment there can be a fraudulent conveyance and the same is subject to attachment and execution subject to the homestead charge. *Schaeffer v. Beldsmeier*, 107 Mo. 314; *Poland v. Vesper*, 67 Mo. 727. (3) Mistakes and clerical errors of clerks can be corrected at any time. *Railroad v. Mockbee*, 63 Mo. 348; *Coop v. Northcutt*, 54 Mo. 128. An entry

may be made after appeal taken. *Bank v. Allen*, 68 Mo. 474. Appellant ought not now to be heard to complain of this verdict at this late date. He waived the objection when he filed his motion in arrest. All exceptions not brought to the attention of the trial court, in a motion for a new trial, are deemed waived. *State ex rel. v. Shobe*, 23 Mo. App. 477; *McCord v. Railroad*, 21 Mo. App. 93; *Putnam v. Railroad*, 22 Mo. App. 592; *Fox v. Young*, 22 Mo. App. 386; *State ex rel. v. Rucker*, 59 Mo. 17; *Wolff v. Walter*, 56 Mo. 292.

ELLISON, J.—The case here presented is founded on three promissory notes, one executed to plaintiff, and the other two to one Probst, and by him assigned to plaintiff for value. An attachment was sued out in aid of the suit, and. the writ levied upon a large body of land upon which the defendant, Christian, resided with his family. A trial of the plea in abatement, as well as upon the merits, resulted in plaintiff's favor, and defendant has brought the case here for relief; the errors alleged as to the trial of the plea in abatement and upon the merits being submitted to us together by the parties.

The affidavit for attachment was twice permitted to be amended by the trial court, over the objection of defendant. It is only necessary to notice one of these amendments, since the other was merely formal and clearly allowable. The affidavit was made by the cashier of the bank, but it did not so appear in the affidavit, nor did the affidavit state that the affiant made it as the agent for, and in behalf of, the bank. It is not contended by defendant that an affidavit in attachment can not be amended, but the contention is that the affidavit in question was so fatally defective as not to constitute an affidavit at all, and, therefore, not amendable. There is a class of cases which we, on

other occasions, have discussed, which hold that, if a pretended affidavit is, indeed, not one, there is nothing to amend, or upon which to found an amendment, and an amendment can not be permitted. But this is not such a case. Here there is an affidavit made by a competent party, duly signed and sworn to but, not being made by the plaintiff, it omitted to state the agency of the affiant. That it was sufficient to support the amendment there can be no serious question.

II. Matters relating to the homestead of defendant are next urged as a reason why we should reverse the judgment. As before stated, defendant Christian resided with his wife on the land attached, and the cause of attachment, among others, was alleged to be that said defendant had fraudulently conveyed or assigned his property so as to hinder or delay his creditors. The point is made that after allowing for a mortgage of $3,500, which existed as an incumbrance on the land, there was not more than defendant was entitled to as a homestead, and that being his homestead, plaintiff had no right in or to the land in the character of a creditor; that plaintiff could have no interest in it; and that plaintiff could not, therefore, be defrauded by the conveyance of a thing in which it could not have or obtain an interest. Conceding to defendant that he has a homestead as claimed; and, conceding, further, that such homestead right, when existing, can properly be interposed at the stage of the proceedings it was here interposed (and by these concessions we save discussion of several points presented by counsel), is he right in his contention that a creditor has no interest in the fraudulent disposition of the property? We think he is not. Under the statute prior to 1875 it was so held. For under the former statute, there was no time at which a creditor's right

could accrue against what was established to be the homestead. The husband was entitled to it for the protection of himself and family during his life, and at his death it vested absolutely, forever, in the widow, or, if no widow, in the children. But now the homestead only vests during the life of the widow or the minority of the children. The title to the homestead land, subject to these incumbrances, vests in the heirs of the husband, subject to debts as in any other case of like nature, the result being that a homestead is now subject to levy and sale for debts, and that a creditor has rights of which he can be deprived by its fraudulent sale.

This view of the law is but the logical result of what was decided by the supreme court in *Schaeffer v. Beldsmeier*, 107 Mo. 314, where it was held that a judgment creditor could, by appropriate proceedings, set aside a fraudulent conveyance of the fee made by the debtor in his lifetime, and subject the reversionary interest therein to his judgment.

III. Additional points are made in defendant's brief in the cause as tried on the merits, which we do not consider to be well taken. The reply we consider sufficient to put defendant to the proof of the new matter set up in the answer. There is no evidence of such matters found in the abstract, and defendant is in no position here to insist on matters of objection which are not founded on evidence supporting the contention.

IV. The further objection is made that the finding on the third count of the petition is for $1,305.15, when, in fact, the petition shows that only the sum of $321.33 was due on that count. This was a mere clerical error in the clerk failing to number the counts as they were in the petition. The petition and entire record, however, show that the judgment in its entirety is for the proper amount.

A careful examination of other points suggested by counsel has not led us to the conclusion that we should disturb the judgment, and it is accordingly affirmed. All concur.