THE SOUTH ST. JOSEPH LAND COMPANY, *Plaintiff in Error*, v. BRETZ.

### Division One, December 10, 1894.

1. **Appellate Practice**: MANIFEST ERROR OF RECORD: EXCEPTIONS NOT TAKEN. A manifestly erroneous judgment, though founded on special findings of fact made by the lower court in accordance with an agreement between the parties and excepted to by neither of them at the trial, will be reversed on writ of error in accordance with section 2304, Revised Statutes, 1889, which requires the supreme-court to examine the record and to give such judgment as should have been given below. (*Barclay, J., dissenting.*)

2. ——: ——: MOTIONS FOR NEW TRIAL AND IN ARREST. A judgment will be reviewed for defects of a fatal character appearing upon the face of the record although neither a motion for a new trial nor in arrest was filed.

*Error to Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

*Porter & Woodson* for plaintiff in error.

(1) The vendor of real estate has the same right in equity to enforce specific performance as the vendee. *Paris v. Haley*, 61 Mo. 453; *Rogers v. Wolf*, 104 Mo. 1; Pomeroy on Specific Performance, page 6, sec. 6, and authorities cited. (2) There being no fraud, accident or mistake in the transaction, the plaintiff is entitled to specific performance when he has performed or offered to perform the contract on his part. 3 Pom. on Equity Jur. [1 Ed.], sec. 1407, p. 452, and cases cited. *Land Co. v. Pitt*, 114 Mo. 135, was a suit of

like nature by the same plaintiff upon exactly the same kind of contract, excepting there is nothing in this contract relating to filling up the lot. That was here by appeal and this is by writ of error.

*F. S. Winn* for defendant in error.

(1) "The finding of facts and conclusions of law" as set forth in plaintiff's abstract although spread upon the record books of the court, form no part of the record proper, and can not be made part of the record except by being preserved by bill of exceptions duly filed and made part of the record by order of the court. (2) No motion for a new trial or in arrest can be considered in this case for the reason that they are no part of the record proper, and have not been made so in the manner required by law. *Railroad v. Carlisle*, 94 Mo. 166. (3) If the finding of facts and conclusions of law are part of the record proper in this cause and proper matter to be considered by this court, still, before the action of the trial court would be proper matter for review by this court, the plaintiff must file a motion for a new trial and take such steps as will bring to the attention of the trial court the errors, if any he has committed, in order that the court may correct the error, if any, and if the plaintiff has not taken such step he will not be heard to complain now. R. S. 1889, sec. 2302; *State v. Marshall*, 36 Mo. 400; *Danforth v. Railroad*, 27 S. W. Rep. (Mo.) 715.

BRACE, J.—This is an action in equity to enforce the specific performance of a contract similar to the one set out in the case of the same plaintiff against *Pitt*, 114 Mo. 135. There is no bill of exceptions in the record, nor does it show that a motion for a new trial or in arrest of judgment was made in the court below,

although plaintiff's abstract states that such motions were filed and sets out motions of that character at length. Such being the case, there is nothing before us for review except the record proper, from which it appears that, by agreement of parties, the court made the following special finding of facts:

"1. That plaintiff is, and was, a corporation at all the times mentioned in the petition, organized and existing under the laws of Missouri.

"2. That on the thirtieth day of July, 1888, plaintiff owned in fee lot 14, in block 155, in South St. Joseph addition, an addition to the city of St. Joseph, Buchanan county, Missouri; and also blocks numbers 171, 172, 173 and 174, in said above addition.

"3. That the defendant executed the written contract read in evidence by plaintiff.

"4. That the Union Steel and Iron Company of St. Joseph, Missouri, is a corporation organized and existing under the laws of Missouri, and that the incorporators thereof are the same persons who composed the Union Steel Nail Company of Omaha, Nebraska, and that the former is the successor of the latter.

"5. That plaintiff donated and conveyed to said Union Steel and Iron Company the following four blocks of ground, to wit: Numbers 171, 172, 173 and 174, in South St. Joseph addition aforesaid, by a general warranty deed, dated March the thirtieth, 1889, for $50,000 in money, which latter item was afterwards settled by the plaintiff paying to the Union Steel and Iron Company $42,500 in full, as shown by the receipt read in evidence.

"6. That the Union Steel and Iron Company aforesaid moved the entire works of every description that belonged to the Union Steel Nail Company, of Omaha, Nebraska, to St. Joseph, Buchanan county, Missouri, and located the same on four blocks of ground

aforesaid, and that said Union Steel and Iron Company has expended about $65,000, additional, in purchasing new machinery and erecting buildings on said four blocks of ground for the purpose of making nails and wire. That all of said new machinery is on said grounds.

"7.  That said Union Steel and Iron Company had its main buildings completed and under roof on said lands on or before the eighteenth day of December, 1888; that all of the buildings of said company are completed and under roof, except one small building which has no roof on it.

"8.  That about the twentieth day of December, 1888, plaintiff tendered to defendant a general warranty deed to lot 14, in block 155, in South St. Joseph addition aforesaid, and also an abstract of title showing a perfect and indefeasible fee simple title in plaintiff to said lot on said day.

"9.  That on said last named date plaintiff, after tendering to defendant said deed and said abstract of title, demanded of defendant $180, which is one third of the price agreed to be paid for said lot, and that defendant refused to pay same and repudiated his said contract.

"10.  That in open court while this case was on trial plaintiff again tendered to defendant said deed and said abstract referred to in paragraph 8 of these findings, which was refused by defendant.

"11.  That the Union Steel and Iron Company has not operated its machinery or manufactured any nails or iron yet; that all the machinery on hand is substantially in its proper places; that they, the company, will have to expend between $10,000 and $20,000 yet on said works or plant before they can make nails, etc.; that said company stopped work on said plant about November 1, 1889, because it did not have sufficient money to carry on the work to completion, and for

that reason said company has never operated said plant, or manufactured any nails or iron; that the plaintiff, the Union Steel and Iron Company, and the Union Steel Nail Company have all acted in good faith in the transactions mentioned in the petition, and that none of them have been guilty of any fraud therein.

"12. That the Union Steel Nail Company, of Omaha, Nebraska, at the time the contract was entered into between plaintiff and defendant, was complete as a nail mill, and had been operated about ten years, but had not been operated for a period of fourteen months just prior to the date of this contract sued on.

"13. That the value of all the Union Steel and Iron Company's land, buildings and machinery is about $170,000, as now located in St. Joseph."

Upon the facts thus found the plaintiff was clearly entitled to a decree of specific performance as prayed for. *South St. Joseph Land Co. v. Pitt*, 114 Mo. 135; *Hanna v. South St. Joseph Land Co.*, 28 S. W. Rep. (Mo.) 652. The court committed manifest error in dismissing its bill and giving judgment against it for costs. The only question is, can that error be corrected on this record?

The supreme court is required in appeals or writs of error to "examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law." R. S. 1889, sec. 2304. But in an appeal or writ of error no exception can be taken "to any proceedings in the circuit court, except such as shall have been expressly decided by such court." R. S. 1889, sec. 2302.

By agreement of parties the court in this case made a special finding of the facts to which no exception was taken by either party and thereupon predi-

cated its judgment. "Defects of a fatal character appearing upon the face of the record proper will be reviewed by this court even in the absence of a motion for new trial, or in arrest." *State ex rel. v. Scott*, 104 Mo. 26, and cases cited, p. 31. "The record proper, by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment." *Bateson v. Clark*, 37 Mo. 31. The finding of facts in this case having been specially made by the court, by agreement of the parties, reduced to writing and incorporated into and made a part of the judgment, "the findings stand as a special verdict or an agreed case; and, unless the conclusions of law, upon the facts found, were correctly pronounced, the judgment must be reversed. *Blount v. Spratt*, 113 Mo. 48, and cases cited, p. 55.

It certainly can not be said that the court in entering such judgment did not pass upon the question of the sufficiency of the facts thus found to warrant such judgment. Its error in that decision thus appearing upon the face of the judgment, a part of the record proper in the case, may be corrected in this court, although there was no motion for a new trial or in arrest of judgment in the court below. *Lilly v. Menke*, 28 S. W. Rep. 643.

The judgment is, therefore, reversed and the cause remanded to the circuit court with direction to enter up a decree in favor of the plaintiff as prayed for, in accordance with the findings of fact made therein as aforesaid. All concur except BARCLAY, J., who dissents.