BEALL et al., Respondents, v. GRAHAM, etc., Appellant.

St. Louis Court of Appeals, May 14, 1907.

1. ADMINISTRATION: Life Insurance: Liability of Heirs for Debts of Ancestor. The heirs are not liable for a debt of their ancestor, although they received the proceeds of a benefit certificate in a fraternal benefit society on his life. This is true whether the premiums on the insurance were paid by the ancestor or not. [R. S. 1899, sec. 1418.]

2. PRACTICE: Record Proper: Motion for New Trial and in Arrest. Where the record shows that the proceeding was an attempt to procure the allowance of a demand against the estate of minor defendants for a debt which their ancestor owed, there was no statement of a cause of action. This was shown upon the record proper and could be taken advantage of in the court of appeals, though there was no motion for new trial or in arrest of judgment filed in the trial court.

Appeal from Dunklin Circuit Court.—*Hon. James L. Fort,* Judge.

REVERSED.

*John W. Scobey* and *C. M. Edwards* for appellant.

*Walker & Cox* for respondents.

GOODE, J.—This action originated in the probate court on a demand preferred by Beall & Beall, a firm of physicians, against S. H. Graham, guardian and curator of Gladys and Chalmer Copeland, the minor children of George Copeland, Jr., deceased. The demand was presented in the probate court in the following form:

"Drs. Beall & Beall, Respondents, v. S. H. Graham, Guardian and Curator of Gladys and Chalmer Copeland, Minors, Appellant. No. 10457.

"PETITION OR STATEMENT.

"Malden, Mo., Feby. 23, 1905.
"Mr. George Copeland, Jr., Dec'd
            To Drs. Beall & Beall, Dr.
Medical attendance in last illness.

1903
June 19 to Aug. 1, to dressing foot            $16.00
Aug. 16 to visit to self                          1.00"

Then follow nineteen other items for different visits for which the charge was sometimes one dollar and sometimes two. The total demand was $50. It is verified by the affidavit of J. W. Beall, stating that to the best of his knowledge and belief he had given *the estate of George Copeland, Jr.*, all credits and set-offs to which it was entitled and the balance claimed was justly due. The notice of presentment attached to the demand was directed to Sam H. Graham, the guardian and curator of the minors and informed him that Doctors Beall & Beall would, on the first day of the April term, 1905, of the probate court of Dunklin county, present "a demand for the sum of fifty dollars against the estate of the heirs of George Copeland, Jr., deceased, for medical services rendered in the last illness of the said George Copeland, Jr., deceased." The demand was allowed in the probate court, from whence the case was carried by appeal to the circuit court, where a verdict was given for plaintiffs without any instructions to the jury regarding the law. An appeal was prosecuted from that judgment to this court.

The evidence shows, as does the face of the demand itself, that plaintiffs are prosecuting a claim against the estate of the minor heirs for medical services rendered

to their father in his last illness. It is not a proceeding against the estate of the father. A certificate of fraternal insurance on the life of George Copeland, Jr., deceased, in which his minor children were the beneficiaries, had yielded a sum of money on their father's death. This constituted their estate of which Graham was appointed curator, and it is out of this estate the plaintiffs were allowed their bill for medical services to the deceased. It is perfectly manifest that this allowance was illegal. We can conceive of no theory on which it could be maintained even if the father had paid the premiums on the insurance; but the evidence goes to show he did not pay all of them, but that some were paid by Graham, who is the uncle of the minors, as well as their curator. Section 1418 of the Revised Statutes of 1899 expressly provides that the proceeds of such fraternal insurance shall not be taken or applied, by any legal or equitable process, to pay any debts or liabilities of a certificate holder, or of any beneficiary named in the certificate, or any person having any right thereunder. We fail to understand how, without said statute, a debt owed by the father could be proved up against the estate of his minor heirs. The proper course would be to administer on the father's estate and prove the demand against it. But by virtue of the statute just cited, the proceeds of the certificate of insurance would constitute no part of the estate of the deceased. The only defense of the judgment attempted is that the defendant's abstract of the record fails to show motions for a new trial and in arrest were filed in due time; and, perhaps, this is true; for we do not find any entry in the record proper of the filing of a motion for new trial. The motion in arrest of judgment appears to have been filed too late. But on the face of the record proper it is apparent that this demand was not allowable against the estate of the minors. In other words, the statement not only fails to show a cause of action, but shows absolutely there was none. This ob-

jection can be taken at any stage of the case, whether or not a motion for new trial or in arrest was filed below. [Lilly v. Menke, 126 Mo. 190, 28 S. W. 643, 994; South St. Jo. Land Co. v. Bretz, 125 Mo. 418, 28 S. W. 656; Childs v. Railroad, 117 Mo. 414, 23 S. W. 373; State ex rel. v. Scott, 104 Mo. 26, 15 S. W. 987, 17 S. W. 11.]

The judgment is reversed. All concur.