## HAUMUELLER, Respondent, v. ACKERMANN, Appellant.

### St. Louis Court of Appeals, April 14, 1908.

PRACTICE: Judgment: Verdict Must Follow Judgment. In an action for unlawful detainer where the petition alleged the monthly rents and profits to be $12.50 and the jury rendered a verdict for one cent damage and $87.50 for monthly rents and profits, an entry of judgment by the court that the plaintiff recover $175 damage "for taking and detention of the premises," was error. The verdict did not follow the judgment, although the court was authorized to render judgment for double the damages assessed.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*Davidson & Russell* for appellant.

*Warren D. Isenberg* for respondent.

GOODE, J.—Action of unlawful detainer instituted before a justice of the peace, appealed to the circuit court and there tried anew. The present appeal from the judgment of the circuit court was taken on the record proper, the principal error assigned being that the judgment is not in accordance with the verdict of the jury. The complaint lays the value of the monthly rents and profits of the tenement unlawfully detained at $12.50, prays judgment of restitution and damages in the sum of $12.50. The verdict returned was in the following form:

"We, the jury in the above cause, find the defendant guilty, in manner and form as charged in the complaint, and further find that the plaintiff has sustained damages by reason of the premises in the sum of one cent, and also that the value of the monthly rents and profits of the said tenement is eighty-seven 50-00 dollars."

It will be seen the jury allowed plaintiff one cent damages and found the value of the monthly rents and profits at $87.50. The court at first entered judgment on the verdict that plaintiff recover the possession of the premises sued for and recover of the defendant and Henry C. Haumueller, his surety on the appeal bond, the sum of two cents, double the amount of damages assessed, and the further sum of $175 a month from December 13, 1906, the date of the judgment, the same being double the amount of the value of the monthly rents and profits, together with his costs expended, etc. On January 21, 1907, the court corrected the entry of judgment, reciting that it did not fully set forth the judgment of the court. As corrected the entry reads that it was considered and adjudged by the court plaintiff have and recover of defendant restitution of the premises sued for, and have and recover of defendant and Henry Haumueller and the American Surety Company, sureties on the appeal bond, as damages for the

detention of said premises, etc., the sum of $175, being double the value of the monthly rents and profits of said premises at $12.50 a month. On January 28, 1907, and during said term, the court again corrected the entry of judgment as made January 21st, reciting that it did not correctly state and set forth the judgment of the court of that date. After the second correction the entry stated, in substance, that it was considered and adjudged by the court plaintiff have and recover of defendant Edwin Ackerman, restitution of the premises sued for and described in the petition and also recover of said defendant as his damages for the taking and detention of said premises, the sum of $175, being double the value of the monthly rents and profits of said premises at $12.50 a month from the time of notice to vacate to the date of the judgment, etc. It will be perceived the first entry of the judgment was against defendant and Henry Haumueller, as surety on the appeal bond, for two cents damages, double the amount of damages assessed by the jury, and the sum of $175 a month from the date of the judgment, being double the value of the monthly rents and profits as found by the jury. According to the second entry the judgment for damages was against defendant and the two sureties on his appeal bond, Haumueller and the American Surety Company, and was for the sum of $175 *for damages for the detention of the premises,* being double the value of the monthly rents and profits at the rate of $12.50 a month, from the time of notice to vacate until the date of the judgment. According to the third entry, the sureties on the appeal bond were omitted from the force and effect of the judgment and plaintiff was adjudged to recover from defendant the sum of $175 for damages *for the taking and detention of the premises,* the same being double the value of the monthly rents and profits from the date of notice to vacate to the date of the judgment. It was from the last judgment the

present appeal was prosecuted. The court must have proceeded on the assumption that the jury, though the verdict recited the value of the monthly rents and profits was found to be $87.50, intended said sum, not as the value of the monthly rents and profits, but as damages, or the amount of the rents and profits for seven months, to-wit; from the date of notice to vacate to the date of the verdict. No doubt the jury so intended, for the complaint laid the value of the monthly rents and profits at $12.50 a month; but as the verdict was received and recorded in the form we have recited, a judgment of a totally different tenor and effect could not be entered. A judgment must follow the verdict, except that it shall be for double damages and the value of the monthly rents and profits as found by the jury. [R. S. 1899, sec. 3340; Annot. Stat., p. 1887, and cases cited.] Moreover, the judgment awards $175 damages; a sum far in excess of the damages laid in the complaint and therefore wrongly allowed. [Balch v. Myers, 65 Mo. App. 422.] The judgment awards nothing for future rents and profits, departs radically from the verdict and is erroneous in particulars which may be reviewed on the record proper. Id.

We think the interests of justice require that the judgment be reversed and the cause remanded for a new trial, in order that a proper verdict may be given and judgment entered accordingly. It is so ordered. All concur.