W. A. NEWTON, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, February 3, 1913.**

1. **APPEAL: Absence of Motion.** Appeal may be taken without motion for new trial or in arrest. In such case the appellate court will examine the record proper but will consider only errors fatal to the action or to the judgment. Mere formal defects, though patent of record, will not be considered.

2. **JUDGMENTS: Verdict.** Judgment is not rendered until the verdict is received and recorded, and the judgment is based on the verdict *as recorded.* Hence judgment must follow recorded verdict and if that be ambiguous, the judgment cannot stand.

3. **VERDICTS: Reception of.** The only safe way to correct ambiguity in a verdict is for the trial court to have it done before the verdict is received, much safer than to receive it with an ambiguity and then attempt by construction to arrive at the intention of the jury after it has been discharged.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED AND REMANDED.

*W. F. Evans, W. J. Orr, H. C. Clark, H. D. Green* and *J. H. Orr* for appellant.

*Scott & Bowker, M. T. January* and *Dooley & Hiett* for respondent.

TRIMBLE, J.—Appeal from a judgment for thirty-five hundred dollars based upon the verdict of a jury in words and figures, as follows: "We the jury find the issues for the plaintiff and assess his damages at the sum of thirty-five (3500) dollars." The appeal was taken and allowed solely on the record proper. No bill of exceptions was filed to preserve matters outside of the record, hence the case is here without either motion for new trial or motion in arrest of judgment. The error complained of is that the judgment does not follow the verdict. Appellant claims the verdict is for thirty-five dollars while the judgment is for $3500; and it asks this court to reverse and remand the case with directions to enter up judgment for the former sum.

Respondent's first point in opposition to the appeal is that the error, if any, cannot be noticed or corrected on appeal because no motion in arrest of judgment was filed. He makes the further contention in argument that since the alleged discrepancy between the verdict and the judgment was not called to the trial court's attention either by motion in arrest, motion for new trial or motion to modify judgment, appellant's assignment of error cannot be considered.

But the alleged error appears upon the face of the record. Respondent's answer to this is that where there is no motion in arrest, nor other motion calling the court's attention to the error, there are but two instances in which the appellate court will review the record proper, namely, 1st, when the petition does not

state any cause of action; 2d, where the trial court has no jurisdiction either of the subject-matter or of the parties. It is true in many of the cases where no such motions were filed and yet the error was considered, one or the other of these two conditions existed. But is it not more nearly correct to say that it is only defects that are fatal, and not defects in form or mere irregularities appearing on the face of the record, which will be considered in the absence of a motion in arrest or other motion? [Sweet v. Maupin, 65 Mo. l. c. 72.] The question then arises, does this mean defects that are fatal to the cause of action or fatal to the judgment rendered? If it means fatal to either then the further question arises, is not an ambiguous verdict necessarily fatal to a judgment based thereon? The judgment is not rendered until after the verdict has been received and recorded, and the verdict as written and recorded is the basis, and the only basis, of the judgment. The judgment must always follow and conform to the verdict, and, if that is capable of being understood in either of two or more possible ways, then it is impossible for the judgment to follow the verdict because it cannot follow in two opposite directions at the same time. So that it would seem that an ambiguous verdict is not merely irregular but is absolutely fatal to the judgment. And as said in Sweet v. Maupin, supra, "there are doubtless many opportunities for fatal errors to occur, between the filing of the pleadings and the rendition of judgment." That is, the insufficiency of the petition and want of jurisdiction are not the only fatal errors which will be considered in the absence of a motion. In McIntyre v. McIntyre, 80 Mo. l. c. 473, it is said that they must be material errors. In Roden v. Helm, 192 Mo. 71, the judgment was broader than the pleadings and there was nothing before the court except the record proper yet the appeal was considered. The case of Land Co. v. Bretz, 125 Mo. 418, was one in

equity in which the petition was sufficient, the court had jurisdiction of the parties and of the subject-matter, and no motions for new trial or in arrest were filed. The trial court rendered judgment for defendant, which the Supreme Court held erroneous. The court asks the question, can the error be corrected in the absence of all motions to do so in the trial court, and held that it could. No motion of any kind is necessary to take an appeal. All that is required is that it be taken at the term at which judgment is rendered, a certain affidavit filed and the docket fee paid. [Secs. 2040 and 2041, R. S. Mo. 1909.] The appeal having been taken, sec. 2083, R. S. Mo. 1909, says: "The Supreme Court, St. Louis Court of Appeals, Kansas City Court of Appeals, in appeals or writs of error, shall *examine the record* and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law." In Bateson v. Clark, 37 Mo. 31, l. c. 34, the Supreme Court referred to the above section and said: "The record proper, by law, is the petition, summons, and the subsequent pleadings, including the verdict and judgment; and these the law has made it our duty to examine and revise; and if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause, whether any exceptions were taken or not." So that whether or not we have authority in the decisions for considering an error on an appeal taken without motions for new trial, in arrest, or to modify judgment, it would seem that we have ample authority from the statutes, provided, at least, that the error be one of substance and not of form.

It is because of the above noted distinction between errors of mere form and errors fatal to the judgment that many of the decisions cited by respondent in support of his contention with reference to the

point here considered are not applicable. We have carefully gone through them all, and in every one find that the error complained of was either a mere irregularity, which was not fatal to the judgment, or, the case was in fact disposed of on some other ground. The very life of the judgment depends upon the verdict, which it must strictly follow, and, if the error appearing on the face of the verdict is such as to render it uncertain what the verdict really was, this destroys any judgment based thereon.

With reference to the point that a motion to modify the judgment should have been filed, it must be remembered that a judgment is never rendered until after the verdict has been received *and recorded,* and that the judgment is based solely on the verdict *as recorded.* But after this has been done and the jury discharged, no modification of the verdict could be made, and hence a motion to modify the judgment would be unavailing. It was suggested in argument that such a motion would at least call the trial court's attention to the defect and give it an opportunity to correct the error, and that no error should be considered on appeal which had not been called to the trial court's attention and opportunity of correction afforded. The answer to this is that the statutes permit an appeal without a motion of any kind, and under section 2083 we are required to examine the record and pass upon any vital error shown thereby.

We must therefore hold that the appeal upon the record proper is before us for consideration although no motion in arrest or to modify was filed.

The respondent's next point is that the verdict is for thirty-five hundred dollars. Certainly the verdict does not read that way. The figures "3500" may be as well construed to read $35.00 as $3500. All that prevents the verdict from being unquestionably a complete and perfect verdict for $35 is the absence of a dot between the 5 and the succeeding zero. In fact

respondent does not contend that the verdict on its face is for thirty-five hundred dollars. His point is that while this cannot be seen from a reading of the verdict by itself, yet that it should be read in connection with the pleadings and the case made by the petition, and interpreted so as to carry out the intention of the jury. We agree with respondent that verdicts should not be avoided or set aside except upon necessity. The case is a suit by the husband for compensatory damages for the death of his wife alleged to have been caused by a fall she sustained in walking over defendant's street crossing. Under the law the jury could have rendered any verdict from one dollar up, and while it is natural to suppose that in such a case the jury would not return a verdict for $35 but intended to render one for $3500, yet they had the right to do so, and the inference that they intended the larger sum has in reality nothing but this supposition or conjecture for its basis. It is well known, however, that suits are frequently brought in which large amounts are involved, and to the astonishment of every one but the jurors, very small verdicts are returned. So that it cannot be said that, beyond question and without assumption or guessing, this verdict was for thirty-five hundred dollars. In other words, in order to say that the verdict was undoubtedly for $3500 we must say that in many such cases jurors usually give much larger verdicts, and, therefore, we guess or assume that they intended the larger verdict in this case. But judgments must not be rendered upon guesses as to verdicts. Perhaps they are sometimes based upon guesses as to the law but surely they ought not be founded upon guesses as to such solemn and easily ascertained matters of fact as verdicts. But even though we may believe the jury intended a verdict of thirty-five hundred dollars yet the only proper and safe way to correct such an ambiguity in the verdict is for the trial court, at the time of its rendition,

to call the attention of the jury to the defect and have the correction made in the verdict before it is received and recorded. This can easily be done and is a much safer rule than to receive and record an ambiguous verdict and then attempt by construction to arrive at the intention of the jury after it has separated and been discharged. In Haumueller v. Ackermann, 130 Mo. App. 387, the St. Louis Court of Appeals said no doubt the jury intended the verdict to be as construed by the trial court in its judgment but nevertheless that such judgment could not stand. Of course if this were a case where, under the pleadings and the facts, the verdict, by law, could not be for the smaller sum, then a different situation would arise and a different holding might follow. For instance, if this were a suit under section 5425, where the verdict could not be less than $2000 nor more than $10,000, a verdict which was so written as to be doubtful whether it was $35 or $3500 might, perhaps with propriety, be construed as a verdict for the sum within, rather than without, the bounds prescribed by law. Or, if it were a suit on a promissory note and the only defense was *non est factum* and the wording of the verdict made it read either for a very trifling and impossible sum or for the exact amount of the note and interest, it would doubtless be allowable to accept the verdict for the latter amount. Such was the case of Gurley v. O'Dwyer, 61 Mo. App. 348. The note sued on, with interest amounted to $112.16. The defense was *non est factum*. The jury found a verdict for plaintiff in which the amount, *written in figures only*, appeared thus: "$1.12 16-100." The court allowed the judgment to stand inasmuch as $112.16 was the only verdict which the jury could have rendered if they found for plaintiffs at all, and any other view would make the verdict read for sixteen hundredths of a cent. which is palpably absurd. It will also be noticed that in this Gurley case it was merely inaccurate

punctuation which was relied upon to destroy a verdict otherwise perfectly clear in its meaning. In the case before us the only thing which prevents it from being undoubtedly for $35 in the absence of punctuation, different situation altogether.

It is unfortunate, of course, that an ambiguous verdict was thus received and recorded, and we regret that we are unable to give it the effect so earnestly and ably contended for by respondent. We are unwilling, however, to set a precedent for the rule that an ambiguous verdict may be helped out by construction where that construction is based wholly upon conjecture.

Appellant insists that unquestionably the verdict was for $35 only and that the case should be reversed and a judgment for $35 ordered. We do not agree with this view. The verdict is ambiguous. It may mean one thing and it may mean another. Hence it is no verdict at all, since a verdict must be certain and definite. The cause is therefore reversed and remanded with directions to set aside the judgment and grant a new trial. All concur.