## PIERSON-LATHROP GRAIN COMPANY, Appellant, v. J. A. BRITTON, Respondent.

**Springfield Court of Appeals, December 22, 1916.**

1. **SALES: Refusal of Buyer to Accept Goods: Damages: Market, Where.** Where a buyer refuses to accept goods purchased and the vendor resells same without notice to the buyer, the damage of the vendor is the excess of the contract price over the market value at the time and place agreed upon for delivery. But if there is no market at the time and place of delivery, then the damage is the excess of the contract price over the market value at the best market obtainable.

2. ————: ————: **Damages: What Not Proper Measure.** Action to recover damages for refusal of defendant to accept and pay for certain cars of grain which he had purchased from plaintiff. The vendor resold the grain without notice to the purchaser at another market. The damages could not be based on the market value thereof at the place of delivery, where such place was a town in which the purchaser refusing to accept the goods was the only dealer who handled grain in such large quantities.

Appeal from Texas County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

*Kenneth W. Tapp* and *Lamar, Lamar & Lamar* for appellant.

*Hiett & Scott* for respondent.

ROBERTSON, P. J.—Plaintiff undertook to recover damages for failure of the defendant to accept and pay for one carload of oats and four carloads of corn. A jury was waived and trial had to the court. Declarations of law were given and a finding of facts made upon which a judgment was rendered in behalf of defendant as to the car of oats and also allowed him nominal damages for a breach of plaintiff's contract of delivery. Nominal damages were allowed the plaintiff on account of the refusal of defendant to accept and pay for the corn.

The controversy here concerning the oats is based on an assumption by the plaintiff that the contract therefor was different from that found by the court. The defendant wrote the plaintiff asking the price of number two white oats. The defendant telegraphed the price and requested an answer. The defendant telegraphed the answer ordering the oats. The plaintiff then mailed the defendant a written conformation which deviated from the contract entered into by the letter and telegrams. Nothing was done further concerning the written confirmation, but the oats were shipped and refused by the defendant because they were not of the quality specified. The court found that the letter and telegram constituted the contract between the parties and found for the defendant and as there is no testimony in our opinion which conclusively shows that there was any modification of the contract entered into by the letter and telegrams we cannot disturb the judgment of the trial court upon the count involving the oats.

The only point raised here concerning the judgment of the court which involved the corn is that an improper rule for the measure of damages was adopted. The plaintiff's place of business was in Kansas City and the defendant's at Cabool, Texas county. The first car

of corn ordered was shipped to Cabool and bill of lading issued to the plaintiff with transfer to defendant and a demand draft for the price and cost of shipment attached. The bill of lading, transfer and draft reached Cabool and payment of the draft was demanded before the car arrived there. The defendant misconstruing his contract of purchase, refused payment and the defendant was notified of this fact. The car had then reached Cabool and plaintiff, without notice to the defendant so far as the record discloses, diverted the car and sold the corn elsewhere. The only difference in the facts concerning the other cars is that they did not reach Cabool and some of them were not started in transit before plaintiff received notice of defendant's refusal to pay the draft.

In behalf of plaintiff it is contended that the trial court erred in not taking the difference between the price plaintiff received for the goods at the diverted point of sale and the contract price as the amount of the damages, which would have been substantial. For defendant the action of the court is sought to be upheld on the theory that there was a market for the corn at Cabool and that, therefore, plaintiff's damages are only the difference between that price and the amount defendant agreed to pay.

One of the rules long established in this State, as will be seen by the citations in Stewart Produce Co. v. Gamble-Robinson Commission Co., 189 Mo. App. 654, 658, 175 S. W. 319, require that when the vendor undertakes to resell, the damages are the difference between the contract price and the amount realized by such resale. It is also essential to determine where the resale should take place. In considering the authorities on this question a distinction must be observed between those cases in which notice of the proposed resale was given to the vendee and those in which no notice was given. Some reference is made in the brief in behalf of appellant to a notice but the record and the findings of the trial court disclose no such notice. We must consider the case as one in which no notice was given, and where no notice

is given the amount to be allowed is the difference between the contract price and the market value at the time and place agreed upon for delivery, but if there is no market at the time and place of delivery then, of course, this rule would have to be varied to conform to the equities of the case. [Anderson v. Frank, 45 Mo. App. 482, 485.]

The trial court found "that at all times when any of the cars contracted should have arrived at Cabool there was a market for the corn at that place, and the market price was practically the same that the defendant had agreed to pay for it."

The court, over plaintiff's objection, declared the law to be that if the evidence made it to appear "that there was a market for corn at Cabool, the place where such corn was to be delivered under the contract, then the measure of damages of plaintiff would be the difference in the market price of corn at Cabool at the time it should have been delivered under the contract and the price the defendant agreed to pay plaintiff for the corn, . . ." The error of the declaration of law and of the finding of the court, under the peculiar circumstances in this case, consists in the general reference to a market for corn. The shipments were in carload lots. Defendant was the only dealer at Cabool who handled corn in such quanties. The plaintiff was not required to sell on a market at Cabool that did not demand and would not handle such lots as were called for by *defendant's* contract. We think there should be no law that would require plaintiff to engage in the retail business at Cabool in order to give defendant the benefit of such a market there. The trial court erred both in the finding of facts and in the declaration of law.

There being no market for carload lots of corn at Cabool the trial court should have adopted plaintiff's theory and ascertained if plaintiff resold in the best market obtainable and if so estimated the damages as the difference between the price so obtained and the contract price, if the latter exceeded the former. [Stewart Produce Company case, supra.] The result is that the judg-

ment as to the first count in plaintiff's petition, involving the oats, must be affirmed and as to the other counts concerning the corn it must be reversed and the cause remanded, but as there can be but one judgment in a case the entire judgment must be set aside and when the final judgment is entered it should include the disposition of the issues on the first count of the petition as the judgment now stands, and it is so ordered. *Sturgis* and *Farrington, JJ.,* concur.