PIERSON-LATHROP GRAIN COMPANY, a Corporation, Respondent, v. J. A. BRITTON, Appellant.

Springfield Court of Appeals, February 25, 1919.

1. APPEAL AND ERROR: Motion in Arrest: Verdict: Excessive Amount. On appeal taken under Revised Statutes 1909, sections 2040, 2041, an error complained of, that the amount of the verdict is in excess of the damages prayed for in that count, is reviewable, without the formality of a motion in arrest under section 2081.

2. ———: Harmless Error: Verdict. No reversible error was shown, and the judgment will be sustained in view of Revised Statutes 1909, sections 1850, 2082, and 2119, prohibiting reversal for error

not prejudicial, where the jury, in rendering a verdict, confused two counts, claiming different amounts, returning a verdict in each for the damages demanded in the other; the total recovery not exceeding the aggregate of the amounts claimed in the petition.

Appeal from Howell County Circuit Court.—*Hon. E. P. Dorris*, Judge.

AFFIRMED.

*Hiett & Scott* for appellant.

*Kenneth W. Tapp* and *Lamar & Lamar* for respondent.

BRADLEY, J.—Plaintiff sued in five separate counts to recover damages for the alleged failure of defendant to receive and accept a carload of oats and four carloads of corn sold by plaintiff to defendant. The cause was before this court before (195 Mo. App. 26, 189 S. W. 584), and count No. 1 was disposed of in the opinion there rendered; and the causes of action stated in counts 2, 3, 4 and 5 were again tried resulting in a verdict for plaintiff on each of the four counts. The damages asked in the petition are as follows: Count No. 2, $32.55; count No. 3, $129.73; count No. 4, $28; count No. 5, $56.50. The jury returned a verdict giving damages as follows: On count No. 2, $129.83; on count No. 3, $32.55; on count No. 4, $28; and on count No. 5, $56.50. The total demanded in the four counts of the petition amounts to $246.78, and the total amount of the verdict in $246.88. It will be noted that the damages demanded in count 2, was $32.55 while the jury returned a verdict on this count for $129.83. Also that the demand in count No. 3 was $129.73, and that the jury returned a verdict on this count for $32.55. The verdict on counts 4 and 5 were in accordance with prayer in those counts. Judgment was rendered on each separate count in accordance with the verdict as returned by the jury.

Defendant filed no motion for a new trial or in arrest, but brings up the record proper by his appeal. The error complained of is that the amount of the verdict on count No. 2 is in excess of the damages demanded and prayed for in that count. It is apparent that the jury confused counts 2 and 3, and returned a verdict on count No. 2, in a sum substantially equivalent to the damages prayed for in count No. 3, and returned a verdict in count No. 3 for the amount of damages prayed for in count No. 2.

Respondent contends that since appellant filed no motion in arrest, and gave the trial court no opportunity to first pass upon the alleged error that appellant is precluded from pressing the point here. [Sec. 2081, R. S. 1909.]

No one will contend that a motion for a new trial or in arrest is a prerequisite to an appeal, if appellant desires only to appeal from errors appearing in the record proper. All that is required to take an appeal is compliance with sections 2040 and 2041, Revised Statutes 1909. The appeal was taken in this cause without the formality of any motion for a new trial or in arrest, therefore the only record before us is the record proper, which consists of the petition, summons and all subsequent pleadings including the verdict and judgment. [Bateson v. Clark, et al., 37 Mo. l. c. 34; Roden v. Helm, 192 Mo. l. c. 93, 90 S. W. 798.] All that a motion in arrest would have reached in this cause is the record proper, but since such motion is not a prerequisite in order to bring up the record proper on appeal, such motion would have been wholly useless, unless, as contended by respondent, this court is precluded from reviewing any alleged error which the trial court did not pass upon. Respondent contends that all errors or irregularities though apparent on the face of the record, but not going to jurisdictional matters proper must be called to the attention of the trial court by motion in arrest in order to make such alleged errors or irregularities questions for review. In other words

plaintiff insists that there are but two instances in which an appellate court will review errors and irregularities apparent on the face of the record proper when there is no motion in arrest; (1) Where the petition does not state any cause of action; (2) where the trial court has no jurisdiction either of the subject-matter, or of the parties. The same contention was made in Newton v. Railroad, 168 Mo. App. 199, 153 S. W. 495. It was there pointed out that it is true in many cases where no motion in arrest was filed, and where the alleged error was considered that one or the other of these conditions existed; but it was held in that case that an ambiguity in a verdict apparent upon the face of the record would be considered on appeal though no motion in arrest was filed. An ambiguity in a verdict is not such an error or irregularity as would fall under either of the classes mentioned, and if such an irregularity as ambiguity of a verdict will be considered on appeal without a motion in arrest, then we cannot see why the same reason would not make reviewable the question presented here. In Bateson v. Clark, et al., supra, the court cites quite a number of authorities in support of its holding, and we think the conclusion reached is sound and sensible.

Balch v. Myers, 65 Mo. App. 422, in forcible entry and detainer, the complaint placed plaintiff's damages at $250, and the monthly rents and profits at $20. The verdict of the jury fixed plaintiff's damages at $510, and the monthly rents and profits at $37.50, and judgment was rendered accordingly. The defendant did not call attention to the error by motion in arrest and the respondent there urged that not having called the attention of the trial court to the alleged error by motion in arrest that the question could not be raised. But the Kansas City Court of Appeals held the question reviewable although no motion in arrest was filed. The court by GILL, J., said: "After a laborious consideration of the decided cases in this State (many of which have been cited by plaintiff's learned counsel), I find it quite

difficult to evolve therefrom any settled rule as to what errors in the record proper may be taken advantage of in the absence of a motion in arrest filed in the trial court. Some of the best considered cases seem to base the distinction on the question whether or not the error is fatal, or, as some express it, material. [Sweet v. Maupin 65 Mo. 65; McIntire v. McIntire, 80 Mo. 470.] But when the various rulings are examined, it will be found, I think, impossible to harmonize them on any such grounds. In my opinion, however, we shall be more in accord with the prevailing decisions of the supreme court, if we determine the error in this case as material, and of such a character as to warrant our attention and judgment, notwithstanding the failure of the defendant to file the appropriate motion in the circuit court. The error unquestionably appears on the face of the record proper. The complaint, verdict and judgment in this case constitute the record proper."

We are of the opinion that the error complained of by appellant in the case at bar is reviewable here without the formality of a motion in arrest. [Balch v. Myers, supra; Haumueller v. Ackermann, 130 Mo. App. 387, 109 S. W. 857; Carr & Company v. Edwards, 1 Mo. 137; Bateson v. Clark et al., supra; Roden v. Helm, supra; Land Company v. Bretz, 125 Mo. 418, 28 S. W. 656; Newton v. Railroad, supra; McIntire v. McIntire, 80 Mo. 473; Sweet v. Maupin, 65 Mo. 1. c. 72.]

After reaching the conclusion that the error complained of in the case at bar is a question for review in the present state of the record, the question then arises is such irregularity as presented here reversible error? As pointed out above it is apparent that the jury merely confused counts 2 and 3 in making up their verdict, and that the total amount of the verdict is ten cents in excess of the total amount demanded in the four counts by a harmless accident. The excess of ten cents is so insignificant that it is not of consequence, and appellant does not contend that such is of any con-

sequence. Kirksville Savings Bank v. Spangler, 59 Mo. App. 172, was founded on three promissory notes. Objection was there made that the finding on the third count of the petition was for $1305.15 when in fact the petition showed that the sum was $321.23. The court in disposing of that contention held that it was merely a clerical error in the clerk in writing up the judgment in failing to number the counts as they were in the petition; and that since the petition and the entire record showed that the judgment *in its entirety* was in the proper amount that such an error would not cause reversal.

It is apparent that in the Spangler case, supra, the judgment in count 3 showed on the record in the sum of $1305.15, while the amount demanded in that count was $321.33. While the reported case does not disclose, the inference, however, is clear, that some other count in the petition demanded $1305.15, and that there was merely a confusion of the counts on the part of the clerk in writing up the formal judgment. In the case at bar the judgment record, of course, shows that plaintiff shall recover of and from the defendant the sum of $129.83 on count 2, while the petition in that count asked for only $32.55; but on the other hand the judgment record shows that plaintiff shall recover of and from defendant in count 3, $32.55, while the amount demanded in that count is $129.73. As in the Spangler case if the judgment and petition and record are considered together defendant has no room to complain.

Haumueller v. Ackermann, 130 Mo. App. 387, 109 S. W. 857, at first blush might seem to support appellant here. That case was in unlawful detainer. The complaint placed the monthly rents and profits at $12.50, and the damages at $12.50. The verdict awarded the damages at one cent, and fixed the monthly rents and profits at $87.50. The court at first entered judgment on the verdict that plaintiff recover possession of the premises, and recovery of defendant and one of the sureties on the appeal bond the sum of two cents double

the amount of damages assessed, and the further sum
of $175 a month (double) from the date of the judgment.
Later, but at same term, the court corrected the entry
of the judgment so as to read that plaintiff recover
possession of the premises and recover of defendant
and both sureties on the appeal bond as damages for
the detention the sum of $175 being double the value
of the rents and profits from date of notice for posses-
sion to judgment at $12.50 per month, the time being
exactly seven months. A few days subsequent, but at
the same term, the court again corrected the judgment
entry so as to read that plaintiff recover of defendant
possession of the premises, and damages for the deten-
tion in the sum of $175, being double the amount of the
monthly rents and profits from the time of notice to
vacate to date of judgment at $12.50 per month. From
this last judgment defendant prosecuted the appeal.
The St. Louis Court of Appeals in disposing of the
Ackermann case said: ''The court must have proceeded
on the assumption that the jury, though the verdict re-
cited the value of the monthly rents and profits was
found to be $87.50, intended said sum, not as the
value of the monthly rents and profits, but as damages,
or the amount of the rents and profits for seven months,
to-wit: from the date of notice to vacate to the date of
the verdict. No doubt the jury so intended, for the com-
plaint laid the value of the monthly rents and profits
at $12.50 a month; but as the verdict was received and
recorded in the form we have recited a judgment of
a totally different tenor and effect could not be entered.
A judgment must follow the verdict, except that it
shall be for double damages and the value of the month-
ly rents and profits as found by the jury. [R. S. 1899,
sec. 3340; Annot. Stat., p. 1887, and cases cited.]
Moreover, the judgment awards $175 damages; a sum
far in excess of the damages laid in the complaint and
therefore wrongly allowed. [Balch v. Myers, 65 Mo.
App. 423.] The judgment awards nothing for future
rents and profits, departs radically from the verdict

and is erroneous in particulars which may be reviewed on the record proper. We think the interests of justice require that the judgment be reversed and the cause remanded for a new trial, in order that a proper verdict may be given and judgment entered according-ly.''

In the Ackerman case a totally different judgment was entered than the verdict justified; and the original judgment on the verdict might have worked a grave in-justice as the verdict fixed the monthly rents and profits at $87.50 per month, when the complaint fixed such at $12.50 per month. Likewise in Balch v. Myers, supra, the complaint fixed the damages at $250 and the monthly rents and profits at $20, while the verdict fixed the damages at $510 and the monthly rents and profits at $37.50. In both of these cases the verdicts were far in excess of damages, etc., laid in the peti-tions. In the case at bar the judgment is entered in exact accord with the verdict, and when all the counts of the petition are considered, the verdict and judgment are not in excess of the amount sued for.

The statute (Sec. 1850 R. S. 1909) provides that this court shall disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party. Section 2082, Revised Statutes 1909, provides that this court shall not reverse the judgment of any court unless we shall believe error was committed against the appellant or plaintiff in error materially affecting the merits of the action. Among other things section 2119, Revised Stat-utes 1909, provides that no judgment shall be reversed or impaired on account of any default or negligence of any clerk or officer of the court or of the parties, or their attorneys by which neither party shall have been prejudiced. These sections have often been invoked, sometimes with merit, and sometimes otherwise, but we think the present case is one in which either of these sections might be invoked with merit were there no other reasons for sustaining the judgment rendered.

There is no error affecting the substantial rights of the defendant, and the judgment below is affirmed. *Sturgis, P. J.,* and *Farrington, J.,* concur.